[Civ. No. 22826. Fourth Dist., Div. One. Sept. 30, 1981.]

In re the Marriage of CAROL and JOHN JACANIN.
JOHN JACANIN, Appellant, v.
CAROL JACANIN, Respondent.

COUNSEL

John C. van Benthem for Appellant.

Carol Jacanin, in pro. per., for Respondent.

OPINION

MALKUS, J.*—On April 6, 1978, after a 12-year marriage, respondent and former wife of appellant petitioned the superior court for the County of San Diego for a judgment of dissolution of marriage. On July 13, 1979, the matter was heard on the "short cause" calendar before a judge pro tempore, and the interlocutory judgment was entered on April 22, 1980.

In the judgment, custody of the parties' three minor children was awarded to the father, Mr. Jacanin, subject to reasonable visitation rights reserved to the mother, Mrs. Jacanin. Mrs. Jacanin was awarded spousal support for the period of five years on a stepped down basis, in the sum of $500 per month from July 13, 1979, to January 12, 1980, and in the sum of $200 per month from June 13, 1980, to July 12, 1984, at which time spousal support terminates. The spousal support order is subject to reduction by one-half of Mrs. Jacanin's gross monthly income in excess of $200 for the first six months and by one-half of her gross monthly income in excess of $600 thereafter.

The community property of the parties, except for Mr. Jacanin's military retirement benefits, was valued at $23,500 and was initially divided unequally by the trial court which division was equalized by a monetary adjustment.

---

*Assigned by the Chairperson of the Judicial Council

Paragraph 11 of the interlocutory judgment, which is the basis for the main issue on appeal, provides as follows:

"Petitioner shall further be awarded an interest in respondent's U.S. Navy retirement equal to one-half of a fraction of the monthly payment to respondent as the retirement or retainer pay. The numerator of said fraction shall be 191, and the denominator of said fraction shall be the total number of months of respondent's actual military service. Said amount shall be paid to petitioner by U.S. Navy allotment and this court shall retain jurisdiction to insure that the terms of this order concerning division of the community interest in respondent's retirement is carried out."

The statement of issue on appeal relating to paragraph 11 of the interlocutory judgment is simply, does the system of military retirement benefits established by the Congress preempt the State of California from treating military retired pay as community property divisible upon dissolution of marriage?

It is with a great deal of reluctance this court considers it is compelled to answer this question in the affirmative.

As recently as July 17, 1980, the Supreme Court of California in a well-reasoned analysis of *Hisquierdo v. Hisquierdo* (1979) 439 U.S. 572 [59 L.Ed.2d 1, 99 S.Ct. 802] in *In re Marriage of Milhan* (1980) 27 Cal.3d 765 [166 Cal.Rptr. 533, 613 P.2d 812], held Congress has not precluded the application of California community property law to military retirement pay, military insurance policies, or disability pay to the extent received in lieu of retirement. (*Id.*, at p. 780.) The court recognized the United States Supreme Court has itself long recognized the ""whole subject of the domestic relations of husband and wife ... belongs to the laws of the States and not to the laws of the United States.""" (*Id.*, at p. 772.) Moreover, upon analyzing the contentions of Mr. Milhan as to the inferred applicability of *Hisquierdo* and the Retired Serviceman's Family Protection Plan (10 U.S.C. § 1431 et seq.) and the Survivor Benefit Plan (10 U.S.C. § 1447 et seq.), the California Supreme Court stated "there is no basis for inferring a congressional intent to cut off the California community property rights of military spouses." (*In re Marriage of Milhan, supra*, 27 Cal.3d at p. 775.)

In ruling as it did in *In re Marriage of Milhan, supra*, the court recognized the well established adherence by the courts in this state and of

the United States Supreme Court to the community property laws of the State of California.

■ On June 26, 1981, the Supreme Court of the United States, speaking through a majority opinion of six justices, ruled federal law does preclude a state court from dividing military retired pay pursuant to state community property laws. In its decision in *McCarty* v. *McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728], the United States Supreme Court first held state family and family-property law must do "major damage" to "clear and substantial" federal interests before the supremacy clause will demand that state law be overridden, and then stated it is manifest that the application of community property principles to military retired pay threatens grave harm to clear and substantial federal interests. The reasons which the majority of six justices provide for this surprising postulation are the community property division of retired pay has "the potential" to frustrate the objectives of providing for the retired service member and to meet the personnel management needs of the active military forces; community property division "may disrupt" the carefully balanced scheme Congress has devised to encourage a service member to set aside a portion of retired pay as an annuity for a surviving spouse; and, the "potential" for disruption of military personnel management is clear.

We do not agree these "potentialities" are actualities nor that they do major damage to clear and substantial federal interests in the absence of positive Congressional enactment.

Justice Rehnquist with whom Justice Brennan and Justice Stewart joined in a dissent stated the conclusion is inescapable the court has no solid support for the conclusion it reaches in *McCarty* saying there certainly exists no support of the sort required by *Hisquierdo* which held:

"On the rare occasion when state family law has come into conflict with a federal statute, this Court has limited review under the Supremacy Clause to a determination whether Congress has 'positively required by direct enactment' that state law be pre-empted." (*Hisquierdo* v. *Hisquierdo, supra,* 439 U.S. at p. 581 [59 L.Ed.2d at p. 11].) We are in complete agreement with the dissent but are barred from following it here. We observe the United States Supreme Court on July 2, 1981, granted the petition for writ of certiorari in *Milhan* v. *Milhan* No. 80-578 (*In re Marriage of Milhan, supra,* 27 Cal.3d 765), vacated the

judgement and remanded the case to the Supreme Court of California for further consideration in light of *McCarty* v. *McCarty, supra,* 453 U.S. 210.

The portion of the judgment which awarded Mrs. Jacanin a community property interest in Mr. Jacanin's retirement pay is reversed. Since the record is silent as to the basis for the trial court's spousal support order and since the division of respondent's retirement benefits between the parties according to the well accepted formula approach may have influenced the award, this matter is remanded to the trial court for further proceedings not inconsistent with this judgment.

In view of our action herein, there is no need to address ourselves to the remaining issues on appeal.

Cologne, Acting P. J., and Staniforth, J., concurred.