645 P.2d 319

**David Doyle RICE, Plaintiff-Appellant, Cross-Respondent,**

v.

**Florence Louise RICE, Defendant-Respondent, Cross-Appellant.**

**No. 13496.**

Supreme Court of Idaho.

May 5, 1982.

Robert M. Robson, Boise, for plaintiff-appellant, cross-respondent.

Merrily Munther of Elam, Burke, Evans, Boyd & Koontz, Boise, for defendant-respondent, cross-appellant.

SHEPARD, Justice.

This is an appeal from a decree of divorce in which the wife was awarded a community property interest in the husband's military retirement pay. The sole issue presented here is whether it was correctly determined that military retirement pay can constitute community property, capable of being apportioned in part to a spouse upon divorce. We reverse.

David Rice entered the United States Air Force in 1942. He and Florence Rice were married in Kansas in 1949. They lived at military stations throughout North America until he retired from the Air Force in 1967 in Illinois. Thereafter the parties moved to Idaho.

In 1976, David Rice filed suit for a divorce in Idaho. The magistrate court granted a divorce but that court held that the husband's military retirement pay was his separate property. That holding was based on the court's conclusion that Florence Rice had failed to establish that the military retirement pay was acquired in a community property jurisdiction. The remaining property was held to be community and divided between the parties. Florence Rice appealed the decision of the magistrate court to the district court.

Upon appeal, the district court, in a well reasoned decision, held that the magistrate court had erred in concluding that the military retirement pay was separate property. The district court concluded that even if the military retirement pay was acquired in a common law jurisdiction, i.e., Kansas or Illinois, Florence Rice nevertheless was entitled under the law of those jurisdictions to a share of the military retirement pay. Hence Florence Rice was awarded a portion of the military retirement pay. In that appeal to the district court, David Rice also contended that the magistrate court decision should be affirmed on the basis that state law regarding military retirement pay was preempted by federal law and hence

the state courts of either a common law or community property jurisdiction were without jurisdiction to either determine that such retirement pay was community property, or to apportion the same between the parties to a divorce. That assertion of David Rice was rejected by the district court. This appeal followed.

■ Following the proceedings in lower courts, but prior to oral argument before this Court, the opinion in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), was issued by the United States Supreme Court. However much an invasion of the area of family law traditionally reserved to the jurisdiction of the courts of the several states, it is, nevertheless, clear that therein the Court held that Congress has preempted the area and state courts are precluded from applying community property principles and dividing military retirement pay in divorce actions. However much we may disagree with the decision in *McCarty*, we are nevertheless bound to follow and apply it. Hence, we are required to overrule *Ramsey v. Ramsey*, 96 Idaho 672, 535 P.2d 53 (1975), insofar as it conflicts with *McCarty*, and we reluctantly conclude in the instant case that military retirement pay must be held to be the separate property of David Rice and not subject to division between the parties in this divorce action.

■ It is argued by Florence Rice that the district court in the instant case determined that the retirement pay was marital property under the common law rules in Kansas and Illinois, and since *McCarty* applies only to community property it is not applicable here. We disagree. We find no indication in *McCarty* that it is intended to disable only the eight community property states from dividing military retirement pay, while allowing the remaining 42 states to do so. While it is correct that *McCarty* is couched in the terms of community property jurisdictions, the broad language of the opinion clearly holds that state courts may not interfere with the retiree's receipt of military retirement pay. *See also Ridgway v. Ridgway*, 454 U.S. 46, 102 S.Ct. 49, 70

L.Ed.2d 39 (1981), which holds that the law of Maine, a common law jurisdiction, has been preempted by congressional enactments governing the Servicemen's Group Life Insurance Act.

■ Respondent Florence Rice further asserts that the holding of *McCarty* should be applied only prospectively and thus applied to and include only those actions tried after the date of the *McCarty* decision, *i.e.*, June 26, 1981. The issue of retroapplication of an intervening ruling is far from settled. *Compare State v. Mendibles*, 125 Ariz. 7, 606 P.2d 825 (Ct.App.1979), which states, "As a general rule, an overruling decision is given retroactive effect unless there are special circumstances warranting the denial of retroactive application or unless the overruling court has expressly indicated otherwise", *with Reed v. Reed*, 124 Ariz. 384, 604 P.2d 648 (Ct.App.1979), wherein it is stated, "It is the general rule that unless exceptional circumstances are shown, court decisions will be given only prospective application." Both this Court, *Rogers v. Yellowstone Park Co.*, 97 Idaho 14, 539 P.2d 566 (1975); *Thompson v. Hagen*, 96 Idaho 19, 523 P.2d 1365 (1974), and the United States Supreme Court, *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977); *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), hold that the issue ordinarily is a matter of discretion with the overruling court. We note that *McCarty* itself is no guidance on the issue. Here appellant raised the precise issue of federal preemption before the district court, and we hold therefore that the appellant, David Rice, has preserved the issue on appeal to this Court. Hence the cause, not having been finally decided, and the issue being preserved before this Court, the application of *McCarty* to the instant cause is not correctly denominated as a retroactive application. *See Sheldon v. Sheldon*, 177 Cal.Rptr. 380, 124 Cal.App.3d 371 (1981); *Jacanin v. Jacanin*, 177 Cal.Rptr. 86, 124 Cal.App.3d 67 (1981).

We conclude that the decision of the district court must be reversed. The district court is directed to amend its judgment to provide that the military retirement benefits are the separate property of appellant David Rice and to be set over to him without any apportionment to respondent, Florence Rice.

 The cause is remanded to the district court for additional proceedings. The district court, on the basis of the record made in the magistrate court, concluded that the magistrate court's decision did not divide the property of the parties in a just and reasonable fashion. *See* I.C. § 32–712. The district court may take additional evidence thereon. The district court shall enter its findings, conclusions and judgment dividing the community property in such a method and proportion as it deems just. Such "just" division of the community property does not require mathematical nicety nor is it required that the property be distributed in equal parts if the court finds special circumstances justifying non-equal distribution. *Guy v. Guy*, 98 Idaho 205, 560 P.2d 876 (1977); *See also Karr v. Karr*, 628 P.2d 267 (Mont.1981), *cert. denied*, 454 U.S. 890, 102 S.Ct. 384, 70 L.Ed.2d 204 (1982) (holding that military retirement pay is a proper consideration in awarding alimony). In its proceedings and decision, the district court shall act in accord with *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), which forbids an "offsetting" award in the amount of the non-beneficiary spouse's otherwise interest in the retirement benefits.

No costs allowed.

BAKES, C. J., and McFADDEN and DONALDSON, JJ., concur.

BISTLINE, Justice, concurring and dissenting.

## I.

I agree with the Court that we are bound by the Supreme Court's decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). Accordingly, the appellate district court decision must be reversed and the correct trial court decision of Judge L. Allan Smith should be reinstated. Although I believe that it may be appropriate to afford more protection to a former spouse of a retired service member, "Congress has weighed the matter and '[i]t is not the province of state courts to strike a balance different from the one Congress has struck.'" 453 U.S. at 236, 101 S.Ct. at 2743 (quoting *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 590, 99 S.Ct. 802, 813, 59 L.Ed.2d 1 (1979)).

## II.

The Court in this case states that "[t]he district court, on the basis of the record made in the magistrate court, concluded that the magistrate court's decision did not divide the property of the parties in a just and reasonable fashion." From that premise it is said to follow that this case should be remanded to the district court, so that "[t]he district court may take additional evidence" and enter a judgment "dividing the community property in such a method and proportion as it deems just." I cannot agree, however, that this case on reversal of the district court appellate judgment should be remanded with such directions. Moreover, my initial view had been that we should simply reverse and remand to the appellate district court for reconsideration in light of *McCarty*, and allow a new district court opinion to emanate, just as this Court was recently accorded the same courtesy by the United States Supreme Court in *Asarco, Inc. v. Idaho State Tax Commission*, 445 U.S. 939, 100 S.Ct. 1333, 63 L.Ed.2d 773 (1980). In the same vein, I venture that the taking of additional evidence should be left to the magistrate trial court, rather than the appellate district court.

The *sole* issue before the district court, as stated by the district court in its Memorandum Decision of August 22, 1978, was "the propriety of the magistrate's award of certain property, to wit, a military retirement pension, to the plaintiff-respondent as his separate property." The district court stat-

ed in its Judgment of September 7, 1979, that "all other issues [have] been waived, this Court [having] heretofore affirmed the determination of the Magistrate except as to the disposition of proceeds receivable by defendant of retirement benefits from the United States Air Force." The only modification the appellate district court made of the magistrate's decision was a contrary holding on the status of the military retirement benefits. The Court's directions on remand in essence tend to allow an opportunity to the district court to do indirectly what it cannot do directly—make an offsetting award to the non-beneficiary spouse which the Court at the same time declares would be unauthorized; this may seem to some to be in direct circumvention of the mandates of the Supreme Court found in *Hisquierdo, supra.* Therefore, I dissent from that portion of the Court's opinion.

### III.

At the same time I do not entertain the same disenchantment with the *McCarty* opinion as seems to flavor the Court's opinion in this case, other than I think it regrettable that the Court did not tackle the issue earlier. It must also be noted that the dissenting opinion of Justice McQuade in *Ramsey v. Ramsey,* 96 Idaho 672, 535 P.2d 53 (1975), properly overruled today by the Court (in which I concur) insofar as it conflicts with *McCarty,* anticipated the Supreme Court's opinion in *McCarty* and very well may have served as the prototype for the opinion authored by Justice Blackmun and concurred in by five other justices. As Justice McQuade wrote seven years ago that a state cannot rewrite Congressional declarations, so has Justice Blackmun added: Nor can the Supreme Court. Rather, "Congress may well decide, as it has in the Civil Service and Foreign Service contexts, that more protection should be afforded a former spouse of a retired service member. This decision, however, is for Congress alone." 453 U.S. at 236, 101 S.Ct. at 2743.

Judicial restraint is a commendable virtue.