673 P.2d 396

**LeRoy Eugene NIEMAN,
Plaintiff-Appellant,**

v.

**Erna Luise NIEMAN,
Defendant-Respondent.**

**No. 14644.**

Supreme Court of Idaho.

Dec. 7, 1983.

Brent J. Moss and Val Dean Dalling, Jr. (argued), Rexburg, for plaintiff-appellant.

Ray Wendell Rigby and Jerry Ray Rigby (argued), Rexburg, for defendant-respondent.

PER CURIAM.

On March 6, 1973, LeRoy Nieman obtained a default divorce decree from his wife Erna based on a complaint which did not mention LeRoy's entitlement to military retirement pay. Accordingly, rights to that asset were not adjudicated. Several years later, following this Court's decision in *Ramsey v. Ramsey*, 96 Idaho 672, 535 P.2d 53 (1975), Erna Nieman petitioned the district court to divide the military retirement pay. The district court noted that the military retirement pay had not been part of the earlier property distribution, and held that such was community property pursuant to this Court's decision in *Ramsey, supra,* (military retirement benefits community property subject to division between the parties upon dissolution of the marriage). By judgment dated October 26, 1977, the court awarded Erna $95,365 in a "lump sum, or in such manner as the parties might agree upon." R., p. 44. Neither party appealed. LeRoy thereafter executed a stipulation with Erna which directed that 43.5 percent of his monthly military retirement benefits be paid Erna through the district court. R., p. 45.[1] Such was being done when, in June of 1981, the United States Supreme Court in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), held that military retirement benefits are not subject to division as community property. LeRoy thereupon moved under I.R.C.P. 60(b)(4), (5) and (6)[2] to set

aside the district court's 1977 decree. However, his principal argument before the court was that the 1977 decree was either void under the *McCarty* ruling or was not a final judgment. The court denied LeRoy's motion on the grounds that the 1977 decree was *res judicata,* hence, not subject to being vacated or modified. That determination led to this appeal.

■ I.R.C.P. 60(b) provides that "on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: ... (4) the judgment is void ...." The Second Circuit Court of Appeals interpreted the comparable federal rule in *Marshall v. Board of Education,* 575 F.2d 417, 422 (1978), as providing relief from void judgments if the court that rendered the judgment lacked subject matter jurisdiction or in personam jurisdiction, or if the decree granted relief which was not within the powers of the court. The court stated that "a judgment is not void and is therefore not within the ambit of 60(b)(4) simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional." *Id.* See *Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940). We follow this reasoning; that this Court's 1975 decision in *Ramsey* was subsequently shown to have been erroneous in light of the 1981 *McCarty* decision does not render void the district court's 1977 determination based on the 1975 *Ramsey* holding.[3]

■ I.R.C.P. 60(b)(5) provides that the court may relieve a party from a final judgment if "it is no longer equitable that

---

1. The stipulation recited the 1977 judgment for $95,367 and LeRoy's inability to pay it in a lump sum, and his willingness to pay some of his retirement check to Erna so long as he lives. R., p. 51–52.

2. LeRoy's appeal to this Court is premised only on I.R.C.P. 60(b)(4) and (5).

3. Although this Court's decision in *Ramsey* was in effect overruled by the United States Supreme Court in *McCarty,* Congress effectively overruled *McCarty* by the passage of Public

Law 97–252 (10 U.S.C. § 1408(c)(1) which provides that:

"A court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, [the day prior to the *McCarty* decision] either as property solely of the member or as property of the member and his spouse *in accordance with the law of the jurisdiction of such court.*" (Emphasis added.)

the judgment should have prospective application." We are not persuaded of any error on the part of the district court in not relieving LeRoy from the effect of the 1977 judgment because of *McCarty,* or upon any other equitable grounds.

 LeRoy argues that the district court's 1977 decree was not a final judgment and so should not have been given *res judicata* effect by the court upon LeRoy's motion to amend. His argument is based on two premises. The first premise is that, because the court's 1977 decree provided that Erna be awarded $95,367:

> "in a lump sum, or in such manner as the parties may agree upon. If the parties are unable to reach an agreement then the court will award to [Erna] a judgment for the amount of the award to be executed upon at such times and in such manner as to her seems most expedient."

the judgment rendered was not final until April of 1982 when the order was entered denying LeRoy's motion to amend the 1977 judgment. However, it is readily seen that LeRoy's stipulation of May 17, 1978, reciting that "On October 26, 1977, the above entitled court awarded judgment for the defendant against the plaintiff for the sum of $95,367.00," and further that "if said payments are faithfully made by plaintiff, to be credited upon said judgment, in the manner aforesaid, then defendant shall not executed upon said judgment and payments made accordingly till the death of plaintiff shall be deemed satisfaction of said judgment ..." R., pp. 45–46, cuts against his position. Our review of the record sustains the lower court's determination that the district court's 1977 decree was a final judgment and thus was to be given *res judicata* effect as the court held.

LeRoy's second premise was that the 1977 judgment was not final because it would not have supported a writ of execution. We need not pass on that contention because of the stipulation of the parties to the manner of payment. We are not called upon to decide, nor do we, what procedures Erna might employ should LeRoy violate his agreement to transmit his military retirement checks to the clerk of the court for the clerk's disposition in accordance with the agreement.

The district court order is affirmed. Costs to respondent. No attorney's fees are awarded on appeal.