686 P.2d 68

**Amy Ruth GRIGGS, Plaintiff-Respondent,**

v.

**Charlie E. GRIGGS, Jr., Defendant-Appellant.**

**Nos. 14250, 14820.**

Supreme Court of Idaho.

Aug. 8, 1984.

**124**

Robert A. Wallace, Boise, for defendant-appellant.

Francis H. Hicks, Mountain Home, for plaintiff-respondent.

DONALDSON, Chief Justice.

This case is an appeal from an Order of the District Court issued on reconsideration, pertaining to the distribution of property incident to a divorce proceeding. On May 2, 1954, plaintiff-respondent (wife) and defendant-appellant (husband) were married in Maryland. Husband served in the United States Air Force for four years prior to the marriage, and eighteen years during the marriage. During his tour of duty, husband was injured in Vietnam, and was assessed as being disabled to the extent of 20%.

On March 4, 1980, wife brought an action in Idaho for a divorce, and a division of the property of the marriage. The magistrate court granted the divorce and divided the property of the marriage between the parties. The magistrate court specifically found that at the time of the divorce, hus-

band was receiving both retirement and disability pay. The court determined the disability pay was not awarded in addition to husband's full retirement pay, but rather "payment of this disability pay reduces the amount of retirement pay received in the same amount." The magistrate concluded that both the retirement pay and the disability pay were community property. That portion of benefits attributed to the time husband served in the military prior to the marriage was determined to be husband's separate property.

Subsequently, husband moved to amend the Findings and Conclusions of the magistrate court, contending that the military disability payments were his separate property. The magistrate court thereafter amended the Findings, Conclusions and Decree to provide that the disability pay was husband's separate property.

Wife then appealed the Amended Order of the magistrate court to the district court stating "[t]he sole issue on Appeal is whether the Judge of the Magistrate's Division committed error in holding that the defendant's military retirement pay is separate property and in awarding the entire amount of such retirement pay to the defendant." The district court reversed the amended decree of the magistrate court and held that the disability benefits were community property.

Husband appealed from the district court's order to the Idaho Supreme Court. However, by stipulation of the parties, the appeal was held in abeyance pending negotiations for post-trial relief. On reconsideration of the district court's orders, wife contended that only the division of the military disability payments were before the court. Husband contended that the division of the entire military benefits were before the court. Furthermore, husband informed the court that *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), had been decided by the United States Supreme Court, on June 26, 1981, after both the magistrate court and district court had issued their decisions. On the basis of the *McCarty* holding, husband asserted that the supremacy clause of the United States Constitution prohibited the district court from characterizing either the military retirement pay, or the disability pay, as community property. Husband urged the court to apply the *McCarty* decision to this case and decree that husband's entire military benefits were his sole and separate property.

On reconsideration, the district court held that only the issue of the disability pay was placed in issue on appeal, and concluded that the disability pay was husband's separate property in light of *McCarty*. This decision left intact the status of the magistrate court's order which classified the retirement pay as community property. Husband appeals from this order.

## I.

### Retirement Pay

The district court stated that only the classification of the disability pay was placed in issue on appeal from the magistrate court, and again on reconsideration. We do not express an opinion as to whether the district court erred in this holding, because we view this case as one of those rare occasions in which we choose to exercise our plenary jurisdiction under Article 5, § 9 of the Idaho Constitution. We deem it necessary to address the issue of the proper classification of military retirement pay, in order to clarify the issue for the benefit of the bench, the bar, and the citizens of Idaho.[1] *See Worden v. Ordway*, 105 Idaho 719, 672 P.2d 1049 (1983) (Donaldson, C.J., specially concurring); *Stockwell v. State*, 98 Idaho 797, 573 P.2d 116 (1977); *State v. Lewis*, 96 Idaho 743, 536 P.2d 738 (1975).

A series of recent decisions from our Court and the United States Supreme

---

1. Our decision to exercise our plenary jurisdiction to reach this issue will not in any way effect the classification of the retirement pay in the case at bar. If we did not reach this issue (as we choose to today), but rather, left intact the decision of the magistrate court, the character of the military retirement pay would still be community property (as we so hold today).

Court, as well as subsequent remedial legislation, have made the classification of military retirement benefits difficult at best to discern. At the time this case was decided before the magistrate and district courts, and prior to the issuance of *McCarty v. McCarty, supra,* Idaho law was well settled. Military retirement benefits were classified as community or separate property "according to whether the active service upon which the benefits are based took place prior to marriage or after marriage." *Ramsey v. Ramsey,* 96 Idaho 672, 678, 535 P.2d 53, 59 (1975). Thus, in keeping with general community property principles, military retirement benefits were community property to the extent that they were earned during the marriage. Conversely, military retirement benefits were separate property to the extent they were earned prior to the marriage. *Id.*

However, after both the magistrate and district courts issued their decisions, the United States Supreme Court issued the *McCarty* decision. We previously stated that the *McCarty* Court determined that "state courts are precluded from applying community property principles and dividing military retirement pay in divorce actions." *Rice v. Rice,* 103 Idaho 85, 87, 645 P.2d 319, 321 (1982).

On the basis of the *McCarty* holding, husband filed an appeal to this Court, and a motion for relief from the district court's order. While this case was pending appeal, we issued our decision in *Rice, supra.* In *Rice,* we recognized that we were required to apply the *McCarty* holding and thus, we overruled *Ramsey,* insofar as it conflicted with *McCarty.* In sum, we concluded that military retirement pay was separate property not subject to division between the parties in a divorce action. *Rice, supra.*

█ In 1982, Congress responded to the *McCarty* decision, by enacting remedial legislation—Uniformed Services Former

Spouses' Protection Act—as a part of Public Law 97–252, Title X. Department of Defense Authorization Act, Pub.L. No. 97–252, Tit. X, 96 Stat. 718, 730 (1982). This Act amended chapter 71 of Title X, United States Code by adding § 1408(c)(1) which provides as follows:

"Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."

10 U.S.C. § 1408(c)(1) (1982). By the terms of this amendment, Congress clearly authorizes the states to decide the character of military retirement payments as community property or as separate property in accordance with state law.[2] *See In re Marriage of Hopkins,* 142 Cal.App.3d 350, 191 Cal.Rptr. 70 (Cal.Ct.App.1983).

█ In view of the above, we have reviewed our opinion in *Rice.* Because our holding therein was premised solely on the basis of *McCarty,* which has been effectively overruled, we overrule *Rice* and reinstate our holding in *Ramsey* as the law of Idaho.

We must now discuss the specific effect the amendment will have on the case at bar. The effective date of the amendment is February 1, 1983, and thus, the amendment is operative in this case. 10 U.S.C. § 1408 (1982). The legislative history to the amendment indicates that the amendment applies to court orders "finalized" on or after the *McCarty* decision. H.R.Conf. Rep. No. 749, 97th Cong., 2d Sess. 166, *reprinted in* 1982 U.S.Code Cong. & Ad. News 1569, 1571. *See In re Marriage of Hopkins, supra.*

█ This case is not a final decree as defined by the amendment[3] because the

---

**2.** In *Nieman v. Nieman,* 105 Idaho 796, 673 P.2d 396 (1983), this Court recognized that Congress effectively overruled *McCarty* by the passage of Public Law 97–252.

**3.** A final decree is defined by the amendment as follows:

"(3) 'Final decree' means a decree from which no appeal may be taken or from which no appeal has been taken within the time al-

record clearly confirms that this case was timely appealed at each level. Because this case is presently on appeal, it will in fact be finalized after the June 26, 1981 *McCarty* decision. Therefore, the amendment overruling *McCarty* is operative in the case at bar. And, in accordance with the terms of the amendment, we hold that the military retirement benefits of the case at bar shall be classified consistent with our state law as set out in *Ramsey*.

## II.

### Disability Pay

The record discloses that the magistrate court made the following Finding of Fact in its original decree on September 12, 1980.

"The Defendant receives disability pay from the United States Air Force for injuries received in Viet Nam. However, the payment of this disability pay reduces the amount of retirement pay received in the same amount. The only benefit Defendant receives as a result of this exchange of entitlement is that the portion of pay designated as disability pay, is not taxable."

This finding has never been contested and was incorporated into the district court's original order and again on reconsideration. In view of this finding, the magistrate court concluded that the effect of receiving the disability payments was to reduce the retirement benefits proportionately. Thus, the magistrate ruled that the disability pay was community property. Thereafter, the magistrate court amended its decree to provide that husband's disability pay was his separate property. On appeal from the magistrate court, the district court determined that the disability pay was community property. However, on reconsideration, the district court then determined that the disability pay was husband's separate property.

■ In classifying husband's military disability benefits, a proper analysis must begin with analyzing the nature of the compensation received. We previously classified disability benefits received from a group term disability insurance policy "paid as partial consideration for past employment" as community property. *Guy v. Guy*, 98 Idaho 205, 207, 560 P.2d 876, 878 (1977). Conversely, in *Cook v. Cook*, 102 Idaho 651, 653, 637 P.2d 799, 801 (1981), we held that workmen's compensation is not received as compensation for a person's labors, but rather that "the purpose of the workmen's compensation law is to make good the loss or impairment of earning power resulting from on the job injury." Thus, we concluded that while all property acquired during the marriage is presumed to be community property, workmen's compensation benefits received beyond an amount attributable to lost earning power during the marriage were the separate property of the injured spouse. We believe that the nature of the disability benefits considered herein are indistinguishable from the nature of the workmen's compensation benefits considered in *Cook*. Therefore, the disability benefits received subsequent to the divorce should be awarded as husband's separate property. However, our analysis does not end here.

■ Members of the armed forces who acquire a physical disability incurred while entitled to basic pay will generally receive disability benefits when leaving the service. *See* 10 U.S.C. ch. 61 (1982). As we stated above, these disability benefits alone, when not complicated with retirement benefits, are the separate property of the injured party after the date of divorce. Members of the armed forces may also earn longevity retirement pay for their years of service in the military. *See* 10 U.S.C. ch. 65–71 (1982). There is no question that these longevity benefits if earned during the marriage relationship are community property. *Ramsey, supra*. However, as in the present case, a problem in classification arises when the member is entitled to re-

lowed for taking such appeals under the laws applicable to such appeals, or a decree from which timely appeal has been taken and such

appeal has been finally decided under the laws applicable to such appeals."
10 U.S.C. § 1408(a)(3) (1982).

ceive both disability and retirement benefits, but when only one total sum is received to compensate both interests.

Congress has apparently made a policy decision that when a member of the armed forces is entitled to both disability and retirement pay, a service member may compute his total benefits by either of two methods. Both methods are computed by multiplying the last monthly basic pay by either (1) 2½% of years of service credited or, (2) by the percentage of disability received. The service member may elect the method which yields the greater total benefits. 10 U.S.C. § 1401 (1982). Whichever amount is selected, the total amount received compensates both the disability and retirement interests. Thus, in the case at bar, husband could elect to compute his total benefits by either (1) 2½% of 22 years of service, times his monthly basic pay (55% of his monthly basic pay) or, (2) 20% of his monthly basic pay.

Regardless of the method the service member chooses to compute the total benefits, the legislation further provides that the amount which the service member would receive under the second method (the percentage of disability method) shall be designated as disability retired pay. As such, this amount is excluded from the member's gross income as "amounts received ... for personal injuries." Internal Rev.Code 104(a)(4) (1982). There is absolutely nothing within the husband's election or control which determines which portion of his total benefits shall be designated as disability pay for this tax treatment.

We believe that 10 U.S.C. § 1403 serves to provide the disabled service member with a tax advantage for that portion of his payment which is designated "disability pay." We further believe that any attempt to reclassify that portion of the payment which has been designated "disability pay" to retirement pay would, in effect, transfer the tax advantage intended for the "disability pay" to retirement pay. This could not have been the intent of the statute and, this we cannot do. Conversely, it is apparent to this Court that a refusal to reclassify the total benefits may result in substantial injustice in some cases. Under the present scheme, as the percentage of disability increases, the available retirement diminishes and, at some point, the retirement interest could be completely extinguished.

■ Having given this matter careful consideration, we affirm the order of the district court classifying the disability pay as separate property and, the trial court is instructed to award that portion of the total payment received which has been designated as "disability pay" in accordance with the requirements of 10 U.S.C. §§ 1401 and 1403, to the husband as his separate property. However, the trial court shall enter its findings, conclusions and judgment dividing the community property in a manner and proportion as it deems just in view of the above disposition. "Such 'just' division of the community property does not require mathematical nicety nor is it required that the property be distributed in equal parts if the court finds special circumstances justifying non-equal distribution." *Rice v. Rice*, 103 Idaho 85, 88, 645 P.2d 319, 322 (1982).

The record on this matter is wholly inadequate to make an accurate division of the property at this time. Thus, we remand this case to the trial court for a division of the community property in accordance with the above views, and with instructions to take additional evidence if necessary to make an accurate division thereof.

Parties to bear their own costs on appeal.

No attorney fees on appeal.

SHEPARD, BAKES, BISTLINE and HUNTLEY, JJ., concur.

BAKES, Justice, concurring specially:

The Court's opinion affirms the district court's ruling that the military disability payments received after divorce are the separate property of the appellant, and that the remaining retirement benefits earned during the marriage are community property. This case is being remanded to the trial court only to consider, with additional evidence if necessary, whether a non-equal

distribution of the community property may be "just." The division of the community property is within the discretion of the trial court, and a non-equal distribution, while not required by this opinion, might be used to avoid "substantial injustice in some cases," assuming that such a practice would not constitute an "offset" prohibited by federal law. *See Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). *See also* 10 U.S.C.A. § 1408(a)(4) (statute effectively overruling *McCarty* does not apply to disability pay).