805 P.2d 481

Matthew D. **BROOKS**, Plaintiff–Respondent–Cross–Appellant,

v.

Marsha J. **BROOKS**, Defendant–Appellant–Cross–Respondent.

No. 18302.

Court of Appeals of Idaho.

Dec. 19, 1990.

John B. Kugler, Pocatello, for appellant.

Dial, Looze & May, Pocatello, for respondent. Kelly Kumm argued.

SILAK, Judge.

Marsha Brooks appeals from an order in a divorce proceeding in which she was denied a share of her ex-husband's military pension and in which she was awarded a partial increase in child support for her minor children. On appeal from the lower court, the district court affirmed a judgment denying Marsha a share in her husband's military pension and awarding her an increase in child support payments that was less than the amount she originally requested. For the reasons stated below, we affirm the magistrate's order regarding the determination of child support; however, we reverse the magistrate's order regarding Marsha's right to a share of her husband's military pension.

Matthew and Marsha Brooks were married in May, 1969, and divorced in October, 1982. In the divorce decree, Marsha obtained custody of their four children, child support, and virtually all the community property, including the family home. Her husband, Matthew, was ordered to pay all the community debts. He was awarded ownership of a trailer house in Florida, as well as "all other property in his possession."

During their marriage, Matthew enlisted in the Navy and accumulated a right to military pension benefits based upon his years of service. The military pension was not treated as community property and was not divided, or even addressed, in the divorce decree. The reasons for the parties' failure to address the issue of military pension in the divorce action are unclear from the record; however, the divorce occurred during a period of legislative and judicial debate regarding the status of military pensions in a divorce situation.

In 1986, Matthew filed a motion to modify the divorce decree, seeking clarification of his visitation rights and a decrease in his court-ordered child support. Marsha filed a reply which requested an increase in child support for their remaining minor children living at home and for a share in Matthew's military pension. Following a hearing in 1988, the magistrate increased Matthew's child support payments for each child living at home by $25.00 per month. The court declined to reopen the divorce decree to determine an equitable division of the military retirement benefits. On appeal, the

district court affirmed the decision of the lower court.

■ Marsha has raised eleven issues on appeal, only three of which we discuss at length. She contends that the magistrate erred in failing to consider the Child Support Guidelines as a factor in determining child support for her minor children. She further argues that the magistrate erred in refusing to reopen her divorce decree to divide her husband's military pension. Where, as here, the issues before this Court are the same as those considered by the district court sitting in an appellate capacity, we will review the trial court record with due regard for, but independently from, the district court's decision. *Hentges v. Hentges*, 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988); *Robinson v. Joint School District No. 331*, 105 Idaho 487, 670 P.2d 894 (1983).

## I.

Preliminarily, we affirm, as a proper exercise of the court's discretion, the district court's order refusing to find Marsha indigent and declining to provide her with a transcript of the proceedings before the magistrate.[1]

■ We will next address the issue of child support. Child support awards rest in the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Ross v. Ross*, 103 Idaho 406, 409, 648 P.2d 1119, 1122 (1982); *Fuller v. Fuller*, 101 Idaho 40, 43, 607 P.2d 1314, 1317 (1980). On appeal to this Court, Marsha argues that the magistrate erred by failing to consider the Child Support Guidelines, which, at the time of the entry of the modification awarding an additional $25.00 in monthly child support payments to Marsha, had not yet been officially adopted. Marsha has presented no authority, and we have discovered none, which required the magistrate, in February, 1988, to make a specific finding that the Guidelines were considered before determining an appropriate child support award.[2] The appellant bears the burden of establishing a record, and presenting it on appeal, to substantiate his or her claims or contentions. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct.App.1985). We affirm the magistrate's decision regarding child support.

## II.

■ The second issue which we will address is the question of the military pension. Whether a divorce decree should be reopened to divide a military pension is a question of law. We exercise free review over questions of law. *Clark v. St. Paul Prop. and Liab. Ins. Cos.*, 102 Idaho 756, 757, 639 P.2d 454, 455 (1981). The magistrate denied Marsha's request to reopen the allocation of community property set forth in the divorce decree in order to take into account Matthew's military pension. In this regard, we hold that the magistrate erred.

The divorce decree in this case was entered after *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), which held that a military pension cannot be considered community property in a divorce proceeding. Before the *McCarty* decision, Idaho law provided that military retirement benefits were community property to the extent they were earned during the parties' marriage. *Ramsey v. Ramsey*, 96

---

1. Although the district court found that Marsha was not entitled to a transcript at public expense, the court entered an order that the cost of the transcript could be advanced by the county, subject to reimbursement in installments by Marsha. Marsha declined this proposal, so the appeal proceeded without a transcript.

2. The Idaho Child Support Guidelines went into effect on April 1, 1989. Under I.C. § 32–706A, effective July 1, 1989, the Guidelines create a rebuttable presumption of being the correct amount for purposes of setting a level of child support unless, under the criteria established by the Legislature, the application of the Guidelines would be unjust or inappropriate. I.C. § 32–706C requires the court to make a written or specific finding on the record that the application of the Guidelines would be unjust or inappropriate in a particular case. *Compare Howard v. Mecham*, 117 Idaho 542, 789 P.2d 538 (Ct.App.1990) (magistrate erred in applying proposed child support guidelines where Guidelines as ultimately adopted differed from the guideline applied by the magistrate).

Idaho 672, 535 P.2d 53 (1975). However, in *McCarty*, the United States Supreme Court held that federal law precluded a state court from dividing military pensions pursuant to state community property laws. Subsequently, our Supreme Court determined that it was bound by the *McCarty* decision, and, overruling *Ramsey*, held that military retirement pay was the separate property of the member spouse. *Rice v. Rice*, 103 Idaho 85, 645 P.2d 319 (1982).

In response to the *McCarty* decision, Congress enacted the Uniformed Services Former Spouses' Protection Act (USFSPA), Pub.L.No. 97–252, 96 Stat. 730 (codified at 10 U.S.C. §§ 1408, 1447–50 (1982)). This act authorizes the states to decide the character of military retirement pay as community property or as separate property in accordance with state law. 10 U.S.C. § 1408(c)(1). The retroactive return of power to the states was intended to afford individuals who were divorced between June 26, 1981 and February 1, 1983 (the *McCarty* gap), the opportunity to return to the courts to take advantage of this provision. The Brooks were divorced in 1982.

The Idaho Supreme Court has recognized that the USFSPA retroactively overruled *McCarty*. *Nieman v. Nieman*, 105 Idaho 796, 797, note 3, 673 P.2d 396, 397, note 3 (1983). Subsequently, the Court overruled *Rice* and reinstated the holding in *Ramsey* as the law in Idaho. *Griggs v. Griggs*, 107 Idaho 123, 686 P.2d 68 (1984). In January, 1987, the Idaho Supreme Court issued its decision in *McBride v. McBride*, 112 Idaho 959, 739 P.2d 258 (1987), holding that despite the passage of the USFSPA, a divorce decree which, in reliance on *McCarty*, did not consider a military pension in the division of property, was *res judicata*. Under *McBride*, the divorce decree could not be reopened.

In an apparent response to the *McBride* decision, the Idaho State Legislature enacted a bill which provided a procedural mechanism to permit courts to reopen divorce cases that fell into the *McCarty* gap. *See Statement of Purpose*, S.B. 1076, *reprinted in McBride* at 972, 739 P.2d at 271 (Bistline, J., dissenting on rehearing). The bill added Section 32–713A to the Idaho Code, effective July 1, 1987. I.C. § 32–713A permitted, but did not mandate, the courts to reopen community property settlements, judgments, or decrees that became final during the *McCarty* gap so they could be modified to include a division of military retirement benefits. I.C. § 32–713A(1). Actions to reopen such settlements, decrees, or judgments had to be brought before July 1, 1988, which was also the "sunset" date for the statute. I.C. § 32–713A(3), (4).

It is well established in Idaho that an appellate court is not required to review issues unless they have previously been presented to the lower court for determination. *Intern. Business Mach. Corp. v. Lawhorn*, 106 Idaho 194, 197, 677 P.2d 507, 510 (Ct.App.1984). The district court held that Marsha had not adequately preserved the military pension issue for appeal. Hence, we must review the procedural history of this case to determine whether the district court's view is well-founded.

Marsha first raised the issue whether the divorce decree should be reopened to consider the division of Matthew's military pension in her initial responsive pleading, styled "Reply to Modification Request," dated April 21, 1986. The case came on for hearing before the magistrate on January 4, 1988. In a Minute Order dated January 6, 1988, the magistrate took the matter under advisement and ordered both parties to submit briefs on the issue of *"res judicata* as to the property division and military retirement...." Marsha's counsel failed to file a brief, but Matthew's counsel filed a brief arguing that *McBride* was still controlling and that the original decree was *res judicata*. Although this brief is not in the record before us, it must have been filed after the January 6 Minute Order. At that time, the Supreme Court's decision in *McBride* had been issued. The Court's opinion was issued on January 7, 1987, and the decision denying rehearing was issued on June 30, 1987, following the passage of I.C. § 32–713A on March 24, 1987. The dissenting opinion of Justice Bistline on rehearing in *McBride* includes a lengthy

discussion of I.C. § 32–713A, and reprints the statute as an appendix. Thus, although Matthew argued to the magistrate that *McBride* should apply even after passage of I.C. § 32–713A, the magistrate should have been aware of the statute even though it was apparently not raised in briefing by Marsha. The magistrate specifically found that "Defendant has raised an issue concerning her right to claim part of the Plaintiff's retirement pay." The magistrate did not refuse to consider the issue because of Marsha's failure to file a brief.

We conclude that the issue was adequately preserved for appeal. We note that this situation is distinguishable from a situation where a factual question was pled but no evidence was presented and the issue was not presented for decision. *See Intern. Business Mach. Corp. v. Lawhorn* at 197, 677 P.2d at 510. It is also distinguishable from a situation in which the issue, either legal or factual, was not raised in the pleadings and was then argued for the first time on appeal. *See generally Gardner v. Evans*, 110 Idaho 925, 719 P.2d 1185 (1986), *cert. denied*, 479 U.S. 1007, 107 S.Ct. 645, 93 L.Ed.2d 701 (1986).

The magistrate adopted Matthew's position that the decree was *res judicata* and refused to reopen it. We agree with the district court's analysis that the decree should not have been given *res judicata* effect on the military pension issue.[3] Marsha raised the issue of the division of the military pension in her "Reply to Modification Request," dated April 21, 1986, almost a full year before the passage of I.C. § 32–713A. However, the modification hearing in this matter was held in January, 1988, after the statute's adoption and prior to its deadline for the filing of such modifications on July 1, 1988. Because the substance of Marsha's claim was adjudicated during the time period when the statute was in effect, the magistrate should not have concluded that the decree was *res judicata* as to the division of Matthew's

military pension. *See Ross v. Ross*, 117 Idaho 548, 789 P.2d 1139 (1990).

In his conclusions of law, the magistrate held that it would not be feasible, after a period of six years from the decree, to make a determination of the relative values of the property and debts divided in 1982 for purposes of dividing the military pension as community property. We disagree with this conclusion.

I.C. § 32–713A provides that a divorce decree entered during the *McCarty* gap "may be modified to include a division of military retirement benefits payable on or after February 1, 1983, in a manner consistent with federal law and the law of this state. . . ." As our Supreme Court noted in *Ross*, I.C. § 32–713A does not require that military retirement benefits be divided equally between spouses on divorce, but only provides a method by which the so-called "gap" decrees may be modified. *Ross* at 553, 789 P.2d at 1144. As *Ross* further observed, one of the statutes which was in effect at the relevant times and implicitly referenced by I.C. § 32–713A is I.C. § 32–712(1). The latter statute mandates that, unless there are compelling reasons otherwise, there shall be a substantially equal division in value of the community property, considering debts, between the spouses. Thus, here the magistrate should have considered whether, including the military pension, there was a substantially equal division of the community property.

Although the magistrate was concerned about the feasibility of reviewing the property division made by the six-year-old decree, a similar review was performed some five years later in *Ross*. An exact mathematical division of community property and community debt is unnecessary. *Simplot v. Simplot*, 96 Idaho 239, 245, 526 P.2d 844, 850 (1974); *Donndelinger v. Donndelinger*, 107 Idaho 431, 436, 690 P.2d 366, 371 (Ct.App.1984). The magistrate appeared to believe that the decree resulted in a distribution of property which favored the wife. However, this is not supported by the

---

**3.** Although the district court held that Marsha had not adequately preserved the issue of the division of the military pension, it did neverthe-

less consider the grounds upon which the magistrate relied in considering the claim on its merits.

record since the decree, like the decree in *Ross,* did not contain any value of property or debt.

We therefore conclude that the magistrate abused his discretion by failing to follow the mandate of I.C. § 32–712(1), namely, by refusing to consider whether the decree provided for a substantially equal division in value of the community property, taking into account the military retirement benefit. We reverse the magistrate's ruling for further proceedings in accordance with I.C. § 32–713A. In valuing the military pension, the magistrate should be guided by the valuation principles of *Shill v. Shill,* 115 Idaho 115, 765 P.2d 140 (1988).[4]

We have considered each of Marsha's other arguments which dispute certain factual findings made by the magistrate. Without an adequate record, we are unable to determine whether those factual findings are supported by substantial evidence. The appellant has the burden of showing error; error will not be presumed from a silent record or from the lack of a record. *See, e.g., Payette Farms Co. v. Conter,* 103 Idaho 148, 645 P.2d 888 (1982). Under these circumstances, the magistrate's findings of fact must be sustained. *State ex rel. Hodges v. Hodges,* 103 Idaho 765, 653 P.2d 1177 (1982).

### III.

■ The final issue which we will address is the question of attorney fees. We conclude that the magistrate did not err in refusing to award costs and attorney fees to Marsha. Marsha argued that she was entitled to attorney fees under I.C. § 32–704. Under this statute, the trial court may award attorney fees after considering the financial resources of both parties and other factors specified in I.C. § 32–705. The award of attorney fees under I.C. § 32–704 is discretionary with the trial court. *Shurtliff v. Shurtliff,* 112 Idaho 1031, 1035, 739 P.2d 330, 334 (1987); *Martsch v. Martsch,* 103 Idaho 142, 148, 645 P.2d 882, 888 (1982). In this case,

Marsha did not provide a transcript of the proceedings below; thus, we cannot review the transcript to determine whether the magistrate found that Marsha had sufficient assets to pay her own attorney fees. Because we will not presume error on appeal, we conclude that the magistrate did not abuse his discretion.

■ We further conclude that the district court did not err in declining to award attorney fees to either party on appeal. Matt has specifically requested a discretionary award of attorney fees under I.C. 12–121 and I.R.C.P. 54(e)(1). Ordinarily, attorney fees will be awarded only when the court is left with the belief that the appeal was brought, pursued, or defended frivolously, unreasonably, or without foundation. *Hentges v. Hentges,* 115 Idaho 192, 197, 765 P.2d 1094, 1099 (Ct.App.1988); *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). This case was not pursued or defended frivolously. Each party prevailed on a significant claim. Thus, there is no overall prevailing party. *See* I.R.C.P. 54(d)(1)(B); *see generally Jones v. Whiteley,* 112 Idaho 886, 736 P.2d 1340 (Ct.App.1987). We find no abuse of discretion in the district court's decision.

The order appealed from is vacated in part and the case is remanded to magistrate court for further proceedings. No costs or attorneys fees allowed on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.

---

4. Idaho law pertaining to the division of retirement plans on divorce is discussed in Welsh, *Valuation and Division of Retirement Plans at Divorce in Idaho,* 26 Idaho L.Rev. 469 (1989).