725 P.2d 181

**Sharon DEVINE and Carol Boney, Plaintiffs-Respondents,**

v.

**Edward CLUFF, Defendant-Appellant.**

**No. 15816.**

Court of Appeals of Idaho.

Aug. 20, 1986.

James H. Paulsen, Sandpoint, for defendant-appellant.

Bruce H. Greene, Sandpoint, for plaintiff-respondent Carol Boney.

No appearance by plaintiff-respondent Sharon Devine.

SWANSTROM, Judge.

In this appeal we are asked to decide whether a trial judge lacked jurisdiction to amend a judgment where the request for relief from the judgment was filed more than six months after entry of the original judgment. We hold the judge had jurisdiction and we affirm.

In a judgment dated October 21, 1983, the district court granted separate easements to Sharon Devine and Edward Cluff. Devine was given a perpetual easement across Cluff's property for a private waterline. Cluff was given a perpetual easement across Devine's property for a private roadway. The judgment separately required each party to have a survey made and filed with the court within six months describing the center line of the party's easement. Another party to the suit, Carol Boney, had also claimed a waterline easement over Cluff's land. She did not prevail and the court awarded attorney fees to Cluff. Boney and her surety appealed solely from the award of attorney fees. *See Devine v. Cluff*, 110 Idaho 1, 713 P.2d 437 (Ct.App.1985).

Cluff accomplished the survey of his roadway easement and filed it within six months as required. An amended judgment was entered June 8, 1984, to substitute a new paragraph I containing the legal description of Cluff's roadway easement. For reasons not shown in the record, Devine failed to timely comply with the survey requirement contained in paragraph V of the judgment.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiff SHARON DEVINE, is hereby vested with a perpetual easement to maintain and operate a water line [sic] as the same now exists over and across the described CLUFF's property, the South Half of the Northeast Quarter of the Northwest Quarter of Section 19, Township 59 North, Range 1 West, Boise Meridian, Bonner County, Idaho. Said Plaintiff shall cause a survey of water line [sic] easement. Said easement shall be ten feet in width to allow for repair and maintenance. The survey is to be made and filed with the Court within six months of this date. Failure to do so shall automatically terminate and void this paragraph of this judgment. Costs of such survey to be paid by Plaintiff DEVINE.

On July 13, 1984, eight and one-half months after entry of the original judgment, Devine filed a motion for relief from the judgment. She requested that the court strike the last five sentences of paragraph V because the court's memorandum decision had contained no requirement for a survey of the pipeline easement. The motion alleged that the provisions were "void" and had been inserted into the judgment "fraudulently" by Cluff. These allegations were shown not to have any merit. The judge accepted full responsibility for the language in paragraph V. He observed that a survey was necessary to avoid future conflicts and uncertainty over the exact location of the waterline. He also noted that decisions of the Idaho Supreme Court have required such surveys in similar cases. *See, e.g., Palmer v. Fitzpatrick,* 97 Idaho 925, 557 P.2d 203 (1976). The judge denied the motion to strike the requirement for a survey. However, he candidly acknowledged that the sentence he placed in paragraph V which states: "Failure ... [to make and file the survey within six months] shall automatically terminate and void this paragraph of this judgment," was put in the judgment improvidently and did not have the effect he intended. The judge extended the original six-month limit by granting Devine ninety days from the date of the hearing in which to complete and file the survey. This was done and the trial court again amended the judgment to include the results. Cluff appealed from this second amended judgment, arguing the untimeliness of Devine's motion and the trial court's related lack of jurisdiction to modify the judgment. Devine's attorney withdrew from the case after the filing of this appeal. No respondents' brief has been filed and no appearance has been made by Devine. Consequently, this appeal was submitted solely on appellant Cluff's brief.

Devine's motion for amendment of the original judgment fails to identify a procedural rule governing its filing. Until July 1, 1986, the Idaho Rules of Civil Procedure did not require that a motion state the rule number under which it is filed. *See* Rule 7(b)(1) as amended, 1986. Counsel orally argued the motion to the district judge. We glean from Devine's arguments and from the motion that the relief was requested under I.R.C.P. 60(b). Cluff argued the untimeliness of the motion under Rule 60(b). Motions pursuant to I.R.C.P. 60(b)(1), (2), (3), and (6) must be made within six months after entry of the judgment.

■ The timeliness of Devine's motion turns on the entry date of the final judgment. If the original judgment is a final judgment, and remains so regardless of the court's first amendment, the motion is untimely. If the filing of the first amendment order on June 8, 1984, amounts to entry of a new judgment, the Rule 60(b) time limit would run from the latter date and Devine's motion, filed July 13, 1984, would be timely, providing jurisdiction for the court's actions. However, the amendment order set forth only the amended first paragraph, not the entire judgment. The order simply decreed that the balance of the original judgment remained in full effect. The order gave no indication that the amendment superseded the judgment. Nor did the order upset any final determination of rights in the original judgment. The language maintained the finality of the original judgment exclusive of the first paragraph. Therefore, the time for filing the Rule 60(b) motion began running from the entry date of the first judgment. We conclude that Devine showed no entitlement to relief under parts (3) and (4) from a "void" judgment or a judgment obtained by "fraud." Parts (1) and (6) of the Rule likewise provide no avenue for relief from the judgment because the motion was not timely under either of these parts.

■ The district court did not state what rule or grounds it relied upon in amending its judgment to give Devine additional time to provide the survey. We believe, however, that the court's action was proper under I.R.C.P. 60(b)(5) which provides relief when "it is no longer equitable that the judgment should have prospective application; ...." A motion under Rule 60(b)(5)

must be made "within a reasonable time;" and requires a showing that the judgment is prospective and that it is no longer equitable to enforce the judgment as written. *Rudd v. Rudd,* 105 Idaho 112, 666 P.2d 639 (1983).

 Cluff argues that the judgment, as written before the final amendment, works a self-executing forfeiture of the waterline easement. He asserts that the judgment itself did not require nor permit any judicial intervention once the six-month deadline for the survey had passed. We disagree. The prospective application of the judgment did not cease after six months.

The "automatic forfeiture" language purports to terminate and void only paragraph V. This leads to some uncertainty as to exactly what remains in the judgment. For example, paragraph VI of the judgment describes the dominant estate owned by Devine "or her successors in interest" to which the waterline easement is made appurtenant. It describes the servient estate owned by Cluff which is subject to the easement. Paragraph VII purports permanently to enjoin Cluff, his heirs, successors or assigns from in any manner obstructing or interfering with the use of the easement. These provisions apparently are not affected by the "automatic forfeiture" language in paragraph V. Unless the court intervened to modify or clarify the judgment, these provisions would continue to have prospective effect even broader and less specific than the court intended.

The main focus of the judgment is to decree the existence of prescriptive easements, proven at a trial on the merits. The judgment gives Devine and her successors in interest an appurtenant waterline easement. The existence of this easement does not depend on the survey. The "forfeiture" language was included only to compel Devine to have the easement surveyed. The survey has been filed, albeit late. The district court's intent that the easement be located on the ground with certainty is satisfied. Third parties have purchased the land benefited by the easement. Under the facts of this case, it would be unequitable to enforce the "forfeiture" provision contained in the original judgment. The other prerequisite for Rule 60(b)(5) is that the judgment have prospective application. *Rudd v. Rudd, supra.* The use of injunctions in the judgment satisfies this need.

In summary, under the facts of this case, I.R.C.P. 60(b)(5) provided sufficient authority for the district court to enter the second amended judgment. Idaho Appellate Rule 13(b)(6) allowed the district court to rule on Devine's motion even though there was an appeal pending on an unrelated issue. Because we can affirm the district court under the provisions of Rule 60(b)(5) we do not address the possibility that the court also had authority, on its own initative, under Rule 60(a) to correct an erroneous or ambiguous judgment. We affirm. No costs or attorney fees are awarded.

WALTERS, C.J., and BURNETT, J., concur.