789 P.2d 1139
**Sheila ROSS, Plaintiff–Respondent,**

**v.**

**Van E. ROSS, Defendant–Appellant.**

**No. 17779.**

Supreme Court of Idaho.

March 29, 1990.

Clemons, Cosho & Humphrey, Boise, for defendant-appellant. Louis Cosho, argued.

Manweiler, Bevis & Cameron, Boise, for plaintiff-respondent. Howard I. Manweiler, argued.

JOHNSON, Justice.

In this case a divorced woman seeks to modify the judgment entered in her divorce case in order to obtain an interest in her former husband's military retirement benefits. A preliminary issue presented is whether the legislature had authority to authorize the modification of divorce judgments in order to provide relief for those women affected by the decision of the United States Supreme Court in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). We conclude that the legislature did have the authority to do so. However, we hold that under the circumstances of this case, the merits of the requested modification had already been adjudicated. The prior adjudication precludes the further litigation of the claim in this case.

I.

THE BACKGROUND AND PRIOR
PROCEEDINGS.

Sheila and Van Ross were married for twenty-seven years. During almost twenty of those years, Van was a member of the United States Air Force. Following Van's retirement from the Air Force, he began receiving monthly retirement payments. In October 1981 Sheila filed for divorce.

In November 1981 Sheila and Van entered into a property settlement agreement (the Agreement). In the Agreement Van transferred to Sheila the family residence, items of personal property, cash, an automobile, a business and personal effects. Sheila agreed to pay Van certain amounts secured by a deed of trust on the residence. She also transferred to Van items of personal property, cash, a pickup and camper, Van's monthly military retirement pay and personal effects. Van agreed to pay Sheila $800.00 per month as alimony with the first payment to begin on the first day of the month following their divorce. No values were ascribed to the property divided in the Agreement. The Agreement also provided that Van would pay $250.00 per month for the support of the adult daughter of Van and Sheila for a period of four years or until the daughter finished college, whichever occurred first.

In June 1982 Sheila was granted a default divorce from Van. The judgment and decree ratified, confirmed and approved the Agreement and divided the property as provided in the Agreement, subject to Sheila's obligation to pay Van certain amounts. Sheila was awarded $800.00 per month as permanent alimony. Van was also ordered to pay $250.00 per month to his daughter as provided in the Agreement.

At the time Sheila and Van entered into the Agreement and at the time of the divorce, *McCarty* was the prevailing law. *McCarty* prevented state courts from dividing military retirement benefits according to state community property laws in divorce actions. Prior to *McCarty*, this Court had characterized military retirement benefits as community property to the extent that they were earned during the marriage. *Ramsey v. Ramsey*, 96 Idaho 672, 678, 535 P.2d 53, 59 (1975). After *McCarty*, we acknowledged that "state courts are precluded from applying community property principles and dividing military retirement pay in divorce actions." *Rice v. Rice*, 103 Idaho 85, 87, 645 P.2d 319, 321 (1982) (overruling *Ramsey*).

In September 1982 in response to *McCarty* the United States Congress enacted the

Uniformed Services Former Spouses' Protection Act (USFSPA), Pub.L. No. 97–252, 96 Stat. 730 (codified at 10 U.S.C. §§ 1408, 1447–50, 1072, 1076, 1086 (1982)). Among other things, USFSPA permits a state court to treat military retirement payable for pay periods beginning after the date of *McCarty* as property solely of the retired member of the military "or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1) (1983). USFSPA also "provides that eligible former spouses are entitled to certain benefits from the armed services ... broadened the category of former spouses to whom these benefits are available ... [and] broadened the authority of service finance centers to make direct payments to former spouses." Cardos, Perry, and Sinnott, *The Uniform Services Former Spouses Protection Act*, 33 Fed.Bar News & Journal 33, 35–36 (January 1986) (footnotes omitted).

In 1984 this Court acknowledged that by the terms of USFSPA "Congress clearly authorizes the states to decide the character of military retirement payments as community property or as separate property in accordance with state law." *Griggs v. Griggs*, 107 Idaho 123, 126, 686 P.2d 68, 71 (1984). In *Griggs* we overruled *Rice* and reinstated *Ramsey* as the law of this state.

In March 1986 Sheila moved to amend the judgment and decree in her divorce from Van to provide that: "The military retirement pay acquired by the parties hereto during their marriage be divided equally between the parties hereto, and that [Sheila's] entitlement to alimony thereupon cease." In her affidavit in support of this motion Sheila stated that at the time they entered into the Agreement Sheila and Van were aware of *McCarty* and that the alimony provided for in the Agreement "was to be awarded instead of a one-half interest in [Van's] military retirement pay." She also stated that Van had been deducting from the alimony payments the $250.00 per month that he was required to pay their daughter and that since November 1985, Van had paid Sheila nothing.

Van moved to quash Sheila's motion on the grounds that the motion had "no standing under the Idaho Rules of Civil procedure" and that the division of the military retirement pay in the judgment was res judicata. The magistrate denied the motion to quash and ruled that I.R.C.P. 60(b)(5) "provides a jurisdictional basis for reopening a *McCarty* type judgment."

Following a hearing in which there was extensive testimony and other evidence admitted concerning the amounts owed by Sheila and Van to each other, the magistrate ruled that Sheila owed Van more than $19,000.00. The magistrate found that Sheila had not paid Van "a penny of the financial obligations that she incurred under the agreement and under the decree," and that it was not surprising that Van had stopped paying the alimony and intended to continue to do so until the outstanding balance owed to him was satisfied. The magistrate stated that Van had testified that the property divided in the Agreement, excluding the military retirement pay, was worth $125,000.00, of which he had received $28,000.00. Sheila testified that the property divided, excluding the military retirement pay, was worth $84,000.00, of which she received $52,000.00. Based on the testimony of both Sheila and Van, the magistrate found that the $800.00 monthly alimony was in lieu of Sheila's share of Van's $1,600.00 monthly retirement benefit. The magistrate also found that Sheila had received at least one-half of the community property of the couple. Based on these facts, the magistrate concluded that Sheila had "failed to show that it is no longer equitable that the judgment have prospective application" and denied the motion for modification. Sheila appealed this ruling to the district judge, who affirmed the magistrate's decision in July 1987. No further appeal was taken.

In March 1987 the Idaho legislature enacted I.C. § 32–713A. This statute provided:

> **32–713A. MODIFICATION OF DIVORCE DECREE—EFFECTIVE DATE.** 1. Community property settlements, judgments, or decrees that became final on or after June 25, 1981, and

before February 1, 1983, may be modified to include a division of military retirement benefits payable on or after February 1, 1983, in a manner consistent with federal law and the law of this state as it existed before June 26, 1981, and as it has existed since February 1, 1983.

2. Modification of community property settlements, judgments, or decrees under this section may be granted whether or not the property settlement, judgment, or decree expressly reserved the pension issue for further determination, omitted any reference to a military pension, or assumed in any manner, implicitly or otherwise, that a pension divisible as community property before June 25, 1981, and on or after February 1, 1983, was not, as of the date the property settlement, judgment, or decree became final, divisible community property.

3. Any proceeding brought pursuant to this section shall be brought before July 1, 1988.

4. This section shall remain in effect until July 1, 1988, and on that date it is repealed and null and void.

In August 1987 Sheila moved pursuant to I.C. § 32–713A to modify the decree of divorce to provide that she be awarded one-half of the military retirement benefits payable to Van on or after February 1, 1983. Van moved to quash Sheila's motion, contending that the issue of modification had been adjudicated on Sheila's first motion to modify, that the decision there was res judicata and that Sheila was precluded from relitigating the question. The magistrate quashed Sheila's motion to modify, stating that the requested modification had been previously considered on its merits and that the denial of the prior motion was res judicata.

Sheila appealed the ruling of the magistrate to the district judge. In reversing the decision of the magistrate the district judge held:

It is not necessary for Mrs. Ross to show any of the grounds necessary for relief from judgment required under I.R.C.P. 60(b). I.C. § 32–713A provides an independent basis for the modification of her

Decree of Divorce which failed to award a spouse's community property interest in military retirement benefits.... This Court's prior decision is in error. Mrs. Ross is entitled to reopen the Judgment and Decree of Divorce and seek her community interest in the military retirement pension rights acquired by the community during the course of the marriage.

Van appealed the district judge's decision to this Court.

## II.

### THE LEGISLATURE WAS ENTITLED TO ENACT I.C. § 32–713A.

■ Before dealing with the primary issue presented in this appeal, we consider whether the legislature's enactment of I.C. § 32–713A exceeded their authority and invaded the inherent powers of the judiciary.

Article 5, section 13 of the Idaho Constitution provides:

The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall ... regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this Constitution....

In *R.E.W. Construction Co. v. District Court of Third Judicial District*, 88 Idaho 426, 400 P.2d 390 (1965), we construed this section of the constitution in the course of discussing our rule-making authority. There we said:

The use of the words "when necessary" in this portion of the section has reference only to the situation where the "method of proceeding" has not otherwise been regulated, or where changing time has required further or different regulation, then the legislature shall regulate such matters.

*Id.* at 437, 400 P.2d at 397.

I.C. § 32–713A seems to fit precisely the purpose given to the phrase "when necessary" in article 5, section 13 by *R.E.W.*

*Construction Co.* In *McBride v. McBride,* 112 Idaho 959, 739 P.2d 258 (1987), we held that I.R.C.P. 60(b)(4) and 60(b)(5) do not provide the basis for relief for a woman in Sheila's position who is requesting a modification of a divorce decree entered after *McCarty* and before the effective date of USFSPA in order to obtain a division of military retirement payments. In *Curl v. Curl,* 115 Idaho 997, 772 P.2d 204 (1989), we again held that a modification of the division of property in a divorce is not appropriate under I.R.C.P. 60(b)(5) in order to provide relief in circumstances similar to those here.

Since I.R.C.P. 60(b) does not provide a method of proceeding in a case like this, under article 5, section 13 the legislature was entitled to enact I.C. § 32–713A to provide a necessary method for considering the modification of judgments in divorce cases that were entered after *McCarty* and before the effective date of USFSPA.

Van has challenged the constitutionality of I.C. § 32–713A on the grounds that it violates due process and impairs the obligations of contracts. Because we conclude below that Sheila's claim for modification was precluded because of the prior adjudication of the merits of the claim, we do not address the constitutionality of the statute. We note, however, that a similar challenge to an identical statute was recently rejected by the California Supreme Court. *In re Marriage of Barnes,* 43 Cal.3d 1371, 240 Cal.Rptr. 855, 743 P.2d 915 (1987).

## III.

### THE MOTION TO MODIFY IS PRECLUDED BECAUSE THE MERITS OF THE MOTION WERE ADJUDICATED WHEN THE PRIOR MOTION TO MODIFY WAS DECIDED.

■ Van asserts that the issue raised by Sheila's motion to modify the divorce decree was adjudicated on her first motion to modify. We agree.

In *McBride* we reaffirmed the principle that "[i]n the absence of an appeal from an original decree of divorce the property division portions of that decree are final, *res*

*judicata,* and no jurisdiction exists to modify property provisions of a divorce decree." 112 Idaho at 961, 739 P.2d at 260. More recently, we have accepted the reformulation of the doctrine of res judicata contained in RESTATEMENT (SECOND) OF JUDGMENTS (1982). *Aldape v. Akins,* 105 Idaho 254, 258–59, 668 P.2d 130, 134–35 (Ct.App.1983) (review denied); *Makin v. Liddle,* 108 Idaho 67, 68, 696 P.2d 918, 919 (Ct.App.1985) (review denied); *Nash v. Overholser,* 114 Idaho 461, 463–65, 757 P.2d 1180, 1182–84 (1988) (Johnson, Bistline and Huntley, JJ., specially concurring). In *Makin* our Court of Appeals considered a second action against an attorney for alleged malpractice in representing the plaintiff in a case against Zinn. In the first case the trial court granted summary judgment against the plaintiff. This Court affirmed in *Liddle I.* In upholding summary judgment entered in the second case the Court of Appeals said:

> Where a summary judgment adjudicates a claim on its merits, the judgment invokes the doctrine of res judicata. RESTATEMENT (SECOND) OF JUDGMENTS § 19, comment g (1980). The summary judgment in *Liddle I* was such an adjudication. Although the present action purports to focus upon a different aspect of the attorney's conduct in the Zinn case, the underlying claim of malpractice is the same as that asserted in *Liddle I.* The present action, therefore, is barred by res judicata in the form of claim preclusion.

108 Idaho at 68, 696 P.2d at 919. Here, the same concept of claim preclusion is applicable.

Sheila's first motion to modify requested that the magistrate divide the military retirement pay equally between Sheila and Van. The second motion to modify requested that the magistrate award Sheila one-half of the military retirement benefits payable to Van on or after the effective date of USFSPA. The first motion was considered by the magistrate under I.R.C.P. 60(b)(5). The magistrate's decision to consider the modification under I.R.C.P. 60(b)(5) was affirmed by the district judge

on appeal and was not appealed to this Court. While consideration of Sheila's first motion under I.R.C.P. 60(b)(5) was erroneous in light of our subsequent decisions in *McBride* and *Curl*, the decision became final because it was not appealed beyond the district judge's affirming of the magistrate's decision. Therefore, in considering the preclusive effect of the decision, we must consider what the magistrate decided.

The magistrate ruled on Sheila's first motion to modify in September 1986. In the decision the magistrate first reviewed the division of community property and the provision for alimony in the Agreement in the context of *McCarty* and USFSPA. The magistrate then thoroughly reviewed the financial dealings between Sheila and Van beginning on the day the Agreement was signed. After calculating the amounts owed by the parties to each other under the Agreement, the magistrate found:

> By my calculations, then, Mrs. Ross owed Mr. Ross $19,234.11 on the date of the hearing. While the figure may not be absolutely correct (I did not calculate interest on the retirement payments taken by Mrs. Ross between the execution of the decree and the divorce), it is clear that Mrs. Ross has not paid a penny of the financial obligations that she incurred under the agreement and under the decree. It is not surprising that Mr. Ross has stopped paying spousal support and intends to continue to omit spousal support payments until the outstanding balance is cleared.

The magistrate also considered the division of community property by the parties:

> Turning to the division of property, Mr. Ross testified that the community estate was worth $125,000.00 (excluding retirement benefits) of which he received $28,000.00. Mrs. Ross testified that the estate was worth $84,000.00 of which she received $52,000.00. In addition she received the $800.00 monthly spousal support award in lieu of her share of Mr. Ross's $1,600.00 monthly retirement benefit. In any event, Mrs. Ross received at least half the community estate.

In denying Sheila's motion to modify the judgment and decree by dividing the military retirement pay equally and by terminating the alimony, the magistrate concluded that Sheila had failed to show that "it is no longer equitable that the judgment should have prospective application." This is one of the standards for modification under I.R.C.P. 60(b)(5).

The ultimate question posed to us here is whether the findings of the magistrate in ruling on Sheila's first motion to modify preclude the claim raised in her second motion to modify. We note first that I.C. § 32–713A does not require that military retirement pay be divided equally between spouses on divorce. The statute only provides a method by which "[c]ommunity property settlements, judgments, or decrees that became final on or after June 25, 1981, and before February 1, 1983, *may be modified* to include a division of military retirement benefits payable on or after February 1, 1983, *in a manner consistent with* federal law and *the law of this state* as it existed before June 26, 1981, and as it has existed since February 1, 1983." (Emphasis added.)

I.C. § 32–712(1) was in effect before June 26, 1981, and has remained in effect since February 1, 1983. It provides that in a divorce the community property "must be assigned" in this fashion:

1. The community property must be assigned by the court in such proportions as the court, from all the facts of the case and the condition of the parties, deems just, with due consideration of the following factors:

(a) Unless there are compelling reasons otherwise, there shall be *a substantially equal division in value*, considering debts, between the spouses.

(b) Factors which may bear upon whether a division shall be equal, or the manner of division, include, but are not limited to:

(1) Duration of the marriage;

(2) Any antenuptial agreement of the parties; provided, however, that the court shall have no authority to amend or rescind any such agreement;

(3) The age, health, occupation, amount and source of income, vocational skills, employability, and liabilities of each spouse;

(4) The needs of each spouse;

(5) *Whether the apportionment is in lieu of or in addition to maintenance*;

(6) The present and potential earning capability of each party; and

(7) *Retirement benefits, including,* but not limited to, social security, civil service, *military* and railroad *retirement benefits.*

(Emphasis added.)

Under this statute the trial court has the discretion to make a just division of the community property. The division must be substantially equal in value, "[u]nless there are compelling reasons otherwise." Maintenance, such as the alimony here, may be considered. The essence of the magistrate's ruling on Sheila's first motion to modify was that, taking into account the property division and alimony provided for in the Agreement, Sheila had received at least one-half of the community property that she and Van had accumulated, including the military retirement benefits.

Because of the discussion of *McCarty* and USFSPA in the decision on Sheila's first motion, it is clear to us that the magistrate contemplated that the retirement benefits should be considered as community property and found that the $800.00 per month payment to Sheila constituted a substantially equal division of the retirement benefits. We note that the judgment and decree characterized the monthly payments to Sheila as "permanent alimony." This indicates to us that the payments were not intended to terminate on Sheila's remarriage. *Cf. McHan v. McHan*, 59 Idaho 496, 84 P.2d 984 (1938); *Despain v. Despain*, 78 Idaho 185, 300 P.2d 500 (1956); *Greene v. Greene*, 102 Idaho 891, 643 P.2d 1061 (1982); *Simplot v. Simplot*, 109 Idaho 92, 705 P.2d 1047 (Ct.App.1985) (review denied).

Sheila now argues that the $800.00 per month payment does not constitute an equal division of the retirement benefits, because:

1. The amount of the monthly retirement payments increases each year through cost-of-living adjustments.

2. The alimony payments are not made to her directly by the service finance center, but must come from Van.

3. There are other benefits to which she would be entitled as a former spouse receiving a portion of Van's retirement, such as post exchange shopping privileges.

With regard to argument (1), nothing in I.C. §§ 32–712(1) or 32–713A requires that each community asset must be divided equally. Subsection (a) of I.C. § 32–712(1) only requires that the division be substantially equal "in value." Any community asset may change in value after the division of the community. This is not a reason to modify the division. *See Mathers v. Mathers*, 42 Idaho 821, 248 P. 468 (1926).

With regard to argument (2), USFSPA contains provisions that allow payments to be made to a former spouse from the retirement pay of a retired member of the military, when a court order provides for division of community property. 10 U.S.C. §§ 1408(a)(2)(B)(iii), (a)(2)(C), (d)(1) (Supp. 1989). If a division of the retirement payments were made, the magistrate could include in the order a provision for direct payment to Sheila. The magistrate did not directly address this issue in the decision on Sheila's first motion to modify. However, in finding that the reason Van had stopped paying Sheila the monthly alimony payments was that Sheila owed Van more than $19,000.00, the magistrate implicitly found that there was no need to modify the judgment to allow a portion of the retirement payments to be paid directly to Sheila.

With regard to argument (3), while there are other necessary qualifications, USFSPA does not require that a former spouse be receiving a portion of the retirement payments of a former member of the military in order to be entitled to benefits such as post exchange shopping privileges. If

Sheila is entitled to these benefits as a former spouse, the fact that she is not receiving part of the retirement payments directly will not prevent her from receiving the other benefits.

We conclude that the findings of the magistrate in deciding Sheila's first motion to modify preclude the readjudication of the same issues on her second motion to modify.

### IV.

### CONCLUSION.

We reverse ·the decision of the district judge and affirm the order of the magistrate quashing and dismissing the motion to modify the judgment and decree.

We award costs on appeal to appellant.

BAKES, C.J., and BISTLINE, BOYLE and McDEVITT, JJ., concur.