833 P.2d 105

Thornton I. **LEATHERMAN,**
Plaintiff–Appellant,

v.

Dorothy A. **LEATHERMAN,**
Defendant–Respondent.

No. 18960.

Supreme Court of Idaho,
Boise, January 1992 Term.

June 5, 1992.

Thomas G. Maile IV, Boise, for plaintiff-appellant.

Manweiler, Bevis & Cameron, Boise, for defendant-respondent. Paul B. Butler argued.

McDEVITT, Justice.

## Background

On February 12, 1982, appellant, Thornton I. Leatherman, and respondent, Dorothy A. Leatherman, were divorced after approximately thirty-five years of marriage. Appellant had been on continuous active duty in the United States Navy for fourteen years of the marriage. Upon divorce, the community assets were divided unequally, with appellant being awarded his entire military pension as his separate property.

In September of 1982, appellant was rendered 100% disabled as defined by Veteran's Administration physical eligibility requirements as a result of a heart attack.

In order to qualify for 100% civil service disability, appellant surrendered his military retirement benefit eligibility.

On January 30, 1983, appellant retired from the civil service, where he had been working for the postal service. Although he had no existing military retirement benefits at that time, he was entitled to credit for his years of military service in determining his civil service retirement annuity.

In May of 1985, respondent filed a motion to modify the divorce decree. She requested a division of her former husband's military retirement benefits pursuant to the Uniform Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408 (1982). The magistrate court held that because the divorce had become final prior to the enactment of the USFSPA, the doctrine of *res judicata* barred modification of the divorce decree. However, the court allowed respondent the opportunity to refile her motion in light of the possible application of I.R.C.P. 60(b).

Two years later, respondent filed her second motion to modify the divorce decree pursuant to I.C. § 32–713A. The magistrate court denied appellant's motion to dismiss and, pursuant to I.C. § 32–713A, awarded respondent 19% of her former husband's civil service annuity.

## Analysis

The issue that we must address is whether the provisions of I.C. § 32–713A [1] apply to the unique circumstances of this case which involve the award to a former spouse of a portion of civil service annuity of which a portion includes credit for the for-

1. I.C. § 32–713A, as it existed prior to its sunset provision repeal, provided:

**32–713A. Modification of divorce decree—Effective date [Repealed effective July 1, 1988.]**—1. Community property settlements, judgments, or decrees that became final on or after June 25, 1981, and before February 1, 1983, may be modified to include a division of military retirement benefits payable on or after February 1, 1983, in a manner consistent with federal law and the law of this state as it existed before June 26, 1981, and as it has existed since February 1, 1983.

2. Modification of community property settlements, judgments, or decrees under this sec-

tion may be granted whether or not the property settlement, judgment, or decree expressly reserved the pension issue for further determination, omitted any reference to a military pension, or assumed in any manner, implicitly or otherwise, that a pension divisible as community property before June 25, 1981, and on or after February 1, 1983, was not, as of the date the property settlement, judgment, or decree became final, divisible community property.

3. Any proceeding brought pursuant to this section shall be brought before July 1, 1988.

4. This section shall remain in effect until July 1, 1988, and on that date it is repealed and null and void.

mer spouse's service in the military. If I.C. § 32–713A does not apply, principles of *res judicata* would preclude respondent from seeking modification of the judgment and decree of divorce in this case.

Appellant argues that I.C. § 32–713A is limited by its express terms to situations involving modification of *"military retirement benefits* payable on or after February 1, 1983." (Emphasis added.) Appellant asserts that his former wife's attempted modification seeks division of something other than military benefits. He argues that he had no military retirement benefits existing or payable after February 1, 1983, having terminated all eligibility to receive such benefits when he surrendered his military retirement benefits in September of 1982 in order to obtain Veteran's Administration disability benefits. Accordingly, he contends that I.C. § 32–713A, being expressly limited by its own terms to "military retirement benefits" is not applicable to divide and award a portion of his civil service retirement annuity to his former wife.

Before we begin our analysis of the specific issue on appeal, it is necessary to identify and explain the characterization and divisibility of military retirement benefits in Idaho over the years. Before the United States Supreme Court decided *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), "this Court had characterized military retirements as community property to the extent that they were earned during the marriage." *Ross v. Ross*, 117 Idaho 548, 549, 789 P.2d 1139, 1140 (1990), citing *Ramsey v. Ramsey*, 96 Idaho 672, 678, 535 P.2d 53, 59 (1975). Furthermore, military retirement pay was "subject to division between the parties upon dissolution of the marriage." *Ramsey*, 96 Idaho at 676, 535 P.2d at 57. In *McCarty*, the United States Supreme Court held that states could not apply community property principles to divide military retirement benefits upon dissolution of marriage. *McCarty*, 453 U.S. at 232–37, 101 S.Ct. at 2741–43. Thus, while the characterization of military retirement benefits as community property was not altered by *McCarty*, the applica-

tion of community property principles to divide military retirement benefits was preempted by federal law. In response to the *McCarty* decision, the United States Congress enacted the Uniform Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408 (1982), which permitted the states to treat military retirement benefits in accordance with state law. After *McCarty* and until *Griggs v. Griggs*, 107 Idaho 123, 686 P.2d 68 (1984), "we acknowledged that 'state courts are precluded from applying community property principles and dividing military retirement pay in divorce actions.' " *Ross*, 117 Idaho at 549, 789 P.2d at 1140, quoting *Rice v. Rice*, 103 Idaho 85, 87, 645 P.2d 319, 321 (1982) (overruling *Ramsey* ). Finally, "[i]n 1984 this Court acknowledged that by the terms of USFSPA 'Congress clearly authorizes the states to decide the characterization of military retirement payments as community property or as separate property in accordance with state law.' " *Ross*, 117 Idaho at 550, 789 P.2d at 1141, quoting *Griggs*, 107 Idaho at 126, 686 P.2d at 71. Therefore, with *Rice*, 103 Idaho 85, 645 P.2d 319, overruled by *Griggs*, and *Ramsey*, 96 Idaho 672, 535 P.2d 53, reinstated as law in Idaho, military retirement benefits, to the extent that such benefits have arisen "while the husband and wife are domiciliary in a community property state," *Ramsey*, 96 Idaho at 676, 535 P.2d at 57, are "apportioned as community or separate property according to whether the active service upon which the benefits are based took place prior to marriage or after marriage," *Ramsey*, 96 Idaho at 678, 535 P.2d at 59, and are "subject to division between the parties upon dissolution of the marriage," *Ramsey*, 96 Idaho at 676, 535 P.2d at 57.

▮ Appellant's contention that I.C. § 32–713A applies only to "military retirement benefits" misses the real issue. The fact is, as the district court found, that appellant "was given a civil service annuity which was based upon 37 years, 8 months, and 12 days of combined total creditable service with the military and the United States Postal Service. Of that total, 14 years and 5 months is due to military ser-

vice during the parties' marriage." So, as the district court found, "38% of the civil service annuity the [appellant] now receives, is based upon the years of military service during the parties' marriage." In Idaho, we look to the "source of the benefit." *Guy v. Guy*, 98 Idaho 205, 208, 560 P.2d 876, 879 (1977). Thus, thirty-eight percent (38%) of the civil service benefits appellant receives can be traced to what he was entitled to receive as military retirement benefits, which, as the above discussion regarding the characterization and divisibility of military retirement benefits reveals, have *always* been community property, so long as the interest "accrued while the husband and wife are domiciliary in a community property state." *Ramsey*, 96 Idaho at 676, 535 P.2d at 57.

█ We note that I.R.C.P. 60(b) is not an appropriate basis to move for modification of the division of property in a divorce. *Ross*, 117 Idaho at 552, 789 P.2d at 1143.

█ Finally, appellant contends that the retroactive application of I.C. § 32–713A deprives him of a vested property right, in violation of his due process rights under the Idaho and United States constitutions. In *Ross*, the appellant also raised a constitutional challenge to I.C. § 32–713A. *Ross*, 117 Idaho at 552, 789 P.2d at 1143. This Court decided the *Ross* case on other grounds, not addressing the constitutional challenge, but we stated that "the legislature was entitled to enact I.C. § 32–713A to provide a necessary method for considering the modification of judgments in divorce cases that were entered after *McCarty* and before the effective date of USFSPA." *Ross*, 117 Idaho at 552, 789 P.2d at 1143. Furthermore, we noted "that a similar challenge to an identical statute was recently rejected by the California Supreme Court. *In re Marriage of Barnes*, 43 Cal.3d 1371, 240 Cal.Rptr. 855, 743 P.2d 915 (1987)." The California Supreme Court recognized that "retroactive application of a statute may violate a party's due process rights if it deprives him or her of a vested property right without sufficient justification." *Barnes*, 43 Cal.3d at 1377, 240 Cal.Rptr. at 858, 743 P.2d at 918. Noting the fortuitous

fact that the appellant's motion to modify the marital dissolution fell in between the effective dates of *McCarty* and USFSPA, the California Supreme Court held that "the state's interest in remedying the 'rank injustice' of the situation and in achieving an equitable dissolution of the marital relationship justifies such retroactive application." *Barnes*, 43 Cal.3d at 1377–78, 240 Cal.Rptr. at 859, 743 P.2d at 918, quoting *In re Marriage of Bouquet*, 16 Cal.3d 583, 594, 128 Cal.Rptr. 427, 433, 546 P.2d 1371, 1377 (1976). We find the reasoning of the California Supreme Court to be persuasive and thus reject appellant's constitutional challenge to I.C. § 32–713A.

We therefore hold that the district court correctly ruled that the portion of appellant's civil service benefits representing his years of service in the military are divisible military retirement benefits under I.C. § 32–712A.

Costs to respondent.

BISTLINE and JOHNSON, JJ., concur.

BOYLE, J., sat but did not participate.

BAKES, Chief Justice, dissenting:

I dissent to the majority's holding that "the district court correctly ruled that the portion of appellant's civil service benefits representing his years of service in the military are divisible military retirement benefits under I.C. § 32–713A." *Ante* at 108. The language of I.C. § 32–713A clearly indicates that it was intended to apply *only* to a division of military retirement benefits.

Idaho case law has firmly established that the clearly expressed intent of the legislature must be given effect, and rules of statutory construction are not applicable when the language of a statute is unambiguous. *Sherwood v. Carter*, 119 Idaho 246, 254, 805 P.2d 452 (1991); *Ottesen ex rel. Edwards v. Board of Comm'rs of Madison County*, 107 Idaho 1099, 695 P.2d 1238 (1985). When construing a statute, this Court must give its words their plain, usual and ordinary meaning. *Sherwood v. Carter, supra; Walker v. Hensley Trucking*, 107 Idaho 572, 691 P.2d 1187 (1984).

I.C. § 32–713A provided a means for modifying a judgment and decree of divorce so as to divide "military retirement benefits payable on or after February 1, 1983." Because this statutory language is not ambiguous, we should give the language its plain, usual and ordinary meaning and limit application of the statute to a subsequent division of "military retirement benefits." *Sherwood v. Carter, supra.*

Accordingly, application of I.C. § 32–713A is inappropriate under the facts of this case. The record clearly demonstrates that Mr. Leatherman surrendered his entire military retirement benefit in September, 1982, and as a result he became ineligible to receive military pension benefits at any time in the future. Mr. Leatherman had no military pension benefits payable after February 1, 1983. Thus, any military retirement benefits to which he might have been entitled in the past were not available for division in a modification proceeding.

Furthermore, Mr. Leatherman's existing civil service annuity clearly does not come within the terms of I.C. § 32–713A. I.C. § 32–713A is expressly limited to military retirement benefits and makes no mention of veteran disability benefits, civil service or other pensions or annuities. Similarly, I.C. § 32–713A does not address credit for time served in the military for purposes of determining a civil service annuity, nor does it provide for tracing of transferred military retirement benefits to other retirement plans. To the contrary, the statute is expressly limited to "military retirement benefits payable on or after February 1, 1983." Had the legislature intended a broader scope, it would not have included in I.C. § 32–713A such narrow language referring only to military retirement benefits.

Accordingly, I.C. § 32–713A is inapplicable to this case, as it provides no basis for dividing Mr. Leatherman's present civil service annuity. The majority errs by holding otherwise.