870 P.2d 1331

**Shirley Ann FIX, Plaintiff–Respondent,**

v.

**Herbert M. FIX, Defendant–Appellant.**

**No. 20315.**

Court of Appeals of Idaho.

Dec. 9, 1993.

Rehearing Denied Feb. 3, 1994.

Petition for Review Denied April 14, 1994.

Risch, Goss & Insinger, Boise, for defendant-appellant. John Theil argued.

Lojek, Gabbert & Strother, Boise, for plaintiff-respondent. Jeffrey A. Strother argued.

WALTERS, Chief Judge.

Mr. Herbert M. Fix (Herbert) appeals from a magistrate's decision, affirmed by the district court, denying his motion to terminate what he asserts are spousal support payments he has been making to his ex-wife, Mrs. Shirley Ann Fix (Shirley). The magistrate determined that the payments were part of the community property division and therefore could not be modified. We affirm.

The pertinent facts are as follows. Herbert and Shirley were married in 1965 and divorced in 1979 in an action filed by Shirley. Before, during and after the marriage Her-

bert was a member of the United States Marine Corps. He retired as a colonel in 1982 after twenty-six years of military service. Under Idaho law at the time of the divorce, military retirement benefits were community assets to the extent they were earned during marriage.[1] *See Ramsey v. Ramsey*, 96 Idaho 672, 535 P.2d 53 (1975). Under the terms of the divorce decree, Shirley agreed to waive any right she had to Herbert's military retirement benefits. As consideration for the waiver, Herbert agreed to provide specified amounts of money to Shirley and her children, and to name Shirley as the beneficiary on certain life insurance policies. Neither party appealed the terms of the decree.

After an unsuccessful attempt to reconcile, the parties filed a stipulation to modify the divorce decree on March 16, 1981. Among other things, Herbert agreed to pay Shirley:

> 3. ... the sum of FOUR HUNDRED DOLLARS ($400.00) per month, commencing on the 1st day of January, 1981, and continuing through the 1st day of June, 1981. Commencing with the 1st day of July, 1981, [Shirley] is to receive one-third (⅓) of [Herbert's] military retirement income, however, should [Herbert] not retire in June of 1981, as presently contemplated, [Herbert] agrees to pay [Shirley] the sum of EIGHT HUNDRED DOLLARS ($800.00) per month, commencing with the 1st day of July, 1981, said EIGHT HUNDRED DOLLARS ($800.00) per month payments to continue until [Herbert] does retire, at which time the payments to [Shirley] in the amount of one-third (⅓) of [Herbert's] retirement pay shall commence. ....
>
> 5. The parties have entered into this Stipulation for Modification of Decree of

Divorce following an attempt at reconciliation and after having reconsidered the total value of the community property acquired by them during their marriage and the property acquired by [Herbert] during the time they were residing together in an attempt at reconciliation.

On March 16, 1981, the magistrate entered an amended divorce decree incorporating most of the terms of the stipulation. Neither party appealed. Herbert retired in 1982 and Shirley received her share of the retirement benefits under the decree until 1990, when Herbert cancelled her payments.

On October 10, 1990, Herbert moved to terminate the payments set forth in the amended decree on the grounds that they were spousal support and that changed circumstances warranted termination. Shirley responded by filing a motion for contempt, claiming Herbert had wilfully violated the amended decree. On January 16, 1991, Shirley moved to dismiss Herbert's motion on the ground that the provisions in the amended decree discussing retirement benefits established that the benefits were a division of community property and, therefore, nonmodifiable. Shirley further alleged that the doctrine of res judicata precluded reconsideration of the amended decree.

A hearing was held in January, 1991. Thereafter, the magistrate determined that Herbert's monthly payments to Shirley "were consideration for Mrs. Fix's interest in the military retirement." Upon concluding that the payments were consideration for Shirley's interest in community property, the magistrate held that the payments were not modifiable. Judgment was entered for Shirley for $9,144, the amount of retirement income Herbert prevented Shirley from receiv-

1. The divorce decree in this case was entered prior to the United States Supreme Court's decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) (holding that state courts were precluded from applying community property principles to military retirement benefits in divorce actions). Thus, the decree was not affected by the subsequent Congressional repeal of the *McCarty* holding by the Uniformed Services Former Spouses Protection Act (USFSPA), or Idaho's re-establishment of the concept that the benefits were community assets to the extent earned during marriage. *See* I.C. § 32–713A; *Griggs v. Griggs*, 107 Idaho 123, 686 P.2d 68 (1984).

ing in 1990.[2]

Herbert appealed to the district court and Shirley cross-appealed.[3] For the first time, Herbert argued that if the retirement benefit provision of the 1981 amended decree was a property division, rather than a provision for support payments, the magistrate did not have jurisdiction to enter that amended decree in response to the parties' stipulation. The district court disagreed and affirmed the magistrate's decision that the allocation of the retirement benefits was a nonmodifiable division of community property. Herbert appeals.

■ First, we note our standard of review. When presented with an appeal from an order of the district court reviewing a magistrate's decision, we examine the record independently, but with due regard for, the district court's intermediate appellate opinion. *McNelis v. McNelis,* 119 Idaho 349, 351, 806 P.2d 442, 444 (1991); *Campbell v. Campbell,* 120 Idaho 394, 398, 816 P.2d 350, 354 (Ct.App.1991). We will uphold the findings of fact made by the magistrate if they are supported by substantial and competent, although conflicting, evidence. *McNelis, supra; Campbell, supra.* However, we exercise free review over the magistrate's application of law to the facts as found. *Campbell, supra.* Questions regarding a court's jurisdiction present issues of law requiring free review. *Lockhart v. Department of Fish and Game,* 121 Idaho 894, 895, 828 P.2d 1299, 1300 (1992).

■ At the outset, we conclude that the magistrate in the instant case correctly determined that the monthly payments to Shirley were consideration for her interest in the military retirement benefits. The military pension Herbert earned during the marriage is community property. *Ramsey,* 96 Idaho at 676, 535 P.2d at 57; *Brooks v. Brooks,* 119

Idaho 275, 278, 805 P.2d 481, 483 (Ct.App. 1990). Upon divorce, each spouse is entitled to control of his or her share of community property within a reasonable time. *Ramsey,* 96 Idaho at 679, 535 P.2d at 60. In the 1979 divorce decree, Shirley waived her one-half share of the retirement benefits and Herbert agreed to consideration, a large portion of which Herbert did not have to pay because Shirley's son did not attend veterinarian school—an expense which Herbert had agreed to pay. The parties' expressed motive in replacing Shirley's waiver with monthly payments was that they had reconsidered the total value of the community property. By accepting monthly payments, Shirley relinquished a substantial interest in her share of the community. Although in letters and tax returns Herbert and Shirley referred to the payments as alimony, those references are not conclusive evidence of the character of the payments because the payments were an integral part of the property division. *See Kimball v. Kimball,* 83 Idaho 12, 356 P.2d 919 (1960). Even if characterized as "alimony" or "spousal support," the payments represent reciprocal consideration for community property, therefore they are part of the property division and are not subject to modification. *Id.*

■ Having reached this conclusion, we must still determine whether the magistrate erred in 1981 when the divorce decree was amended pursuant to the parties' stipulation to allow the payments to Shirley. We recognize that Herbert did not raise this issue until he appealed to the district court. Generally, issues not raised at the trial court level will not be considered on appeal. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 93, 803 P.2d 993, 999 (1991); *Brooks,* 119 Idaho at 278, 805 P.2d at 484. Herbert, however, raises an issue concerning the magistrate's jurisdiction. Questions of jurisdiction present an exception to

---

**2.** We note that the same magistrate, the Hon. Darla Williamson of the Fourth Judicial District, entered the amended divorce decree on March 16, 1981, and the decision, order and judgment denying Herbert's motion on June 25, 1991.

**3.** By her cross-appeal, Shirley sought review of the magistrate's determination not to find Herbert in contempt of court. The magistrate's conclusion was upheld by the district court. Shirley has not appealed the issue further.

the general rule and allow the appellate court to consider the issue even when raised for the first time on appeal. *Hoppe v. McDonald,* 103 Idaho 33, 35, 644 P.2d 355, 357 (1982); *Matter of Von Krosigk,* 116 Idaho 520, 521, 777 P.2d 742, 743 (Ct.App.1989).

It is established law in Idaho that divisions of property in a divorce decree, if not appealed by the parties, "are final, res judicata, and no jurisdiction exists to modify the property provisions...." *Ross v. Ross,* 117 Idaho 548, 552, 789 P.2d 1139, 1143 (1990); *McBride v. McBride,* 112 Idaho 959, 961, 739 P.2d 258, 269 (1987); *Lowe v. Lowe,* 92 Idaho 208, 210, 440 P.2d 141, 143 (1968). On the other hand, spousal support (also called maintenance or alimony), child support and child custody are modifiable. *McBride,* 112 Idaho at 961, 739 P.2d at 269. An exception to the rule precluding modification of a property division applies if the division was accomplished by fraud, coercion, or overreaching. *McBride,* 112 Idaho at 961, 739 P.2d at 269. No such wrongdoing was alleged in this case. Certain jurisdictions allow the parties in a divorce action to vacate or amend a previously entered judgment in favor of a stipulated agreement. *See* 49 C.J.S. *Judgments* § 230(d) (1947); 46 AM. JUR.2d *Judgments* § 702 (1969); J.A. Bock, Annotation, *Court's Power to Vacate Decree of Divorce or Separation Upon Request of Both Parties,* 3 A.L.R.3rd 1216 (1965). In Idaho, however, a lack of jurisdiction may not be cured by means of a stipulation or waiver by the parties. *State v. Rhoades,* 121 Idaho 63, 70, 822 P.2d 960, 967 (1991); *Bowlden v. Bowlden,* 118 Idaho 84, 86, 794 P.2d 1140, 1142 (1990). It would appear facially then, that Herbert is correct in asserting that the magistrate, in 1981, did not have jurisdiction or the power to amend the divorce decree and order a modified property division.

Shirley, however, argues that I.R.C.P. 60(b)(5) allowed the magistrate in 1981 to modify what she and the magistrate characterized as a division of property. Herbert has not briefed this issue, but at oral argument asserted that the rule did not apply.

The first reference to rule 60(b) appears in the record in Shirley's responsive brief to the district court, in which she stated that the amended decree was entered "pursuant to the Stipulation, and in accordance with Rule 60(b)...." The district court, in 1992, did not mention rule 60(b) when concluding that the magistrate had jurisdiction in 1981 to enter the amended decree of divorce. There is also no evidence that the rule was referred to by the magistrate in 1981.

Lack of reference, however, does not destroy the ability of the parties or a court to treat the stipulation as a motion under rule 60(b)(5). Before I.R.C.P. 7(b)(1) was amended on July 1, 1986, the rules of civil procedure did not require that a motion state the rule number under which it is filed. *Devine v. Cluff,* 111 Idaho 476, 478, 725 P.2d 181, 183 (Ct.App.1986). Similarly, a court's failure to specify its grounds for amending a judgment is not fatal to the court's ability to make the amendment under rule 60(b)(5). *Id.*

In limited circumstances, a property division may be modified contrary to the bar of res judicata using I.R.C.P. 60(b). *See Harper v. Harper,* 122 Idaho 535, 537, 835 P.2d 1346, 1348 (Ct.App.1992). *See also Allen v. Allen,* 645 P.2d 774, 776 (Alaska 1982); *In re Marriage of Parks,* 48 Wash.App. 166, 737 P.2d 1316, 1319 (1987) (stating that a motion under rule 60(b) is "ancillary to or a continuation of the original suit" and so long as the Court had jurisdiction originally, jurisdiction continues for purposes of rule 60(b)); *Harshfield v. Harshfield,* 842 P.2d 535, 538 (Wyo.1992). For purposes of this case, rule 60(b) states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; .... The motion shall be made within a reasonable

time, and for reasons (1), (2), (3) and (6) not more than (6) months after the judgment, order or proceeding was taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Shirley cites *Rudd v. Rudd*, 105 Idaho 112, 666 P.2d 639 (1983), for the proposition that rule 60(b)(5) gave the magistrate the power to amend the decree. In *Rudd*, our Supreme Court held that under 60(b)(5) the magistrate had jurisdiction to modify a property division entered several years earlier in a divorce action. The Court ruled that the decree operated prospectively by contemplating the sale of the parties' real and personal property in the future. However, the sale had not occurred, and the parties no longer agreed that it should, therefore, it was no longer equitable that the 1975 decree stay in force. The Court also held that the failure to effectuate the sale rendered the original property division inequitable.

Since *Rudd*, our Supreme Court has addressed several times the application of rule 60(b)(5) to property divisions encompassing military retirement benefits. We focus on two of the most recent cases. In *Ross v. Ross*, 117 Idaho 548, 789 P.2d 1139 (1990), the Court limited the application of rule 60(b)(5) when it was used by the ex-wife to try to modify a property division in a judgment of divorce in her attempt to obtain an interest in the ex-husband's military retirement benefits. A central issue in *Ross* was the interplay of *McCarty v. McCarty*, 453 U.S. at 210, 101 S.Ct. at 2730, the USFSPA, and I.C. § 32–713A. Within that context, the Court stated:

> In *McBride v. McBride*, 112 Idaho 959, 739 P.2d 258 (1987), we held that I.R.C.P. 60(b)(4) and 60(b)(5) do not provide the basis for relief for a woman in Sheila's [the plaintiff-respondent] position who is requesting a modification of a divorce decree entered after *McCarty* and before the effective date of USFSPA in order to obtain a division of military retirement benefits. In *Curl v. Curl*, 115 Idaho 997, 772 P.2d

204 (1989), we again held that a modification of the division of property in a divorce is not appropriate under I.R.C.P. 60(b)(5) in order to provide relief in circumstances similar to those here.

*Ross*, 117 Idaho at 552, 789 P.2d at 1143. In *Leatherman v. Leatherman*, 122 Idaho 247, 833 P.2d 105 (1992), the Court was faced with a situation similar to that in *Ross* and reiterated the *Ross* conclusion, but in truncated form. The Court simply stated: "We note that I.R.C.P. 60(b) is not an appropriate basis to move for modification of the division of property in a divorce." *Leatherman*, 122 Idaho at 250, 833 P.2d at 108.

Because it is abbreviated, the *Leatherman* statement is easily applied too broadly. Herbert cites the statement to assert that it precludes the 1981 modification of his original divorce decree. His assertion is erroneous. *Ross* restricted its conclusion to its own unique facts involving *McCarty* the USFSPA, and I.C. § 32–713A. We construe the statement in *Leatherman* to be similarly restricted, and so intertwined with *McCarty*, the USFSPA, and I.C. § 32–713A—none of which existed when Herbert and Shirley's judgment of divorce was issued—that the statement does not apply in the instant case. Therefore, we hold that rule 60(b)(5) may be applied to have allowed in 1981, the modification of Herbert and Shirley's divorce decree and judgment.

Our next step is to determine whether the elements of the rule were satisfied in 1981 to allow the modification. In other words, that in 1981 it was no longer equitable for the judgment to have prospective application. *Rudd*, 105 Idaho at 118, 666 P.2d at 645.

First, it is clear that the parties no longer thought the original division was equitable. They agreed to change the decree after Shirley asked Herbert for a larger share. Second, the divorce decree described a division which in 1981 was still prospective. The family home which was to be sold at Herbert's discretion and the proceeds divided equally had not been sold. The stipulation amended this to require all of the proceeds from the sale to go to Shirley. Also, Herbert

378

owned an interest in a gas-oil well. According to the decree, he was to assign one-half of the royalties to the children affected by the divorce. No assignment had been made when the parties stipulated to amend the decree. We also note that the stipulation, cognizable as a motion under the rule, was filed within a reasonable time.

An argument can be made that although the magistrate had jurisdiction under the rule to amend a portion of a decree, the magistrate did not have jurisdiction to amend other portions of the decree. In this case, however, all of the changes contemplated in the stipulation were related to the property division. Therefore, it is logical to include all property affected by the division. The modification regarding Herbert's military retirement benefits were part of an entire package that Herbert and Shirley renegotiated in 1981. Consequently, we hold that the elements of rule 60(b)(5) permitting modification in 1981 of the earlier decree were met in this case.

Because we conclude that the disposition of retirement benefits in the 1981 decree was a property division, we need not consider Herbert's assertion that Shirley's cohabitation with another man constitutes a *de facto* marriage sufficient to make her ineligible, according to the terms of the agreement, to receive further payments as spousal support. The payments due to Shirley simply were not "spousal support."

In view of the foregoing, we conclude that the magistrate properly determined that the court was without jurisdiction in 1991 to modify the property division. Herbert's monthly payments to Shirley, under the terms of the stipulation, were payments of her interest in the community property and not spousal support. The magistrate in 1981, however, had the power under I.R.C.P. 60(b)(5) to modify the original division of property. Therefore, we affirm the magistrate's decision. Costs to respondent; no attorney fees are awarded on appeal.

LANSING and PERRY, JJ., concur.