**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37383**

| | | |
|---|---|---|
| JANA S.A. MOFFETT, | ) | |
| | ) | **2011 Opinion No. 23** |
| Plaintiff-Appellant, | ) | |
| | ) | **Filed: April 27, 2011** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| BRIAN S. MOFFETT, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County.  Hon. John H. Bradbury, District Judge; Hon. Michael J. Griffin, Magistrate.

District court's appellate decision affirming magistrate court's divorce judgment, <u>affirmed in part</u>, <u>reversed in part</u>, and <u>case remanded</u>.

Clark and Feeney, LLP, Lewiston, for appellant.  Charles M. Stroschein argued.

The Cox Law Firm, Boise, for respondent.  Sean C. Beaver argued.

_____

LANSING, Judge

In this divorce case, Jana Moffett appeals from the district court's appellate decision affirming the magistrate court's rulings regarding spousal maintenance, child support, community property division, and attorney fees.  We affirm in part, reverse in part, and remand to the magistrate court for further proceedings.

**I.**

**BACKGROUND AND PROCEDURE**

Brian and Jana Moffett were married in 1990, and three children were born of the marriage.  In July of 2003, Jana filed for divorce.  By her amended complaint she sought division of the community property, primary physical custody of the children, an award of child support, and an award of spousal maintenance.  Pursuant to the parties' pretrial stipulation, and pending adjudication on the merits, the magistrate ordered Brian to pay $1,200 monthly temporary child support.

1

On July 26-27, 2004, trial was held. On July 28, 2004, the magistrate court entered a written decree of divorce stating that "all other (trial) issues" were reserved. On August 11, 2004, the magistrate filed an order which contained the court's findings of fact and conclusions of law. Therein, the magistrate granted Jana primary physical custody of the children, directed an equal division of the community property with each party receiving a total equity award of approximately $98,000, denied Jana's request for maintenance, and ordered Brian to pay $1,925 per month in child support. The magistrate's child support award was inclusive of $165 per week in child care costs that were, at the time of trial, being incurred by Jana. Because this order resolved all of the remaining trial issues, it was effectively a final judgment or decree.

Both parties filed post-judgment motions requesting changes in the judgment. Jana's motion sought equal division of an omitted asset, Brian's 401(k) retirement account. The magistrate, however, effectively denied Jana's motion by awarding the 401(k) account solely to Brian. Brian's motion requested a recalculation of the child support amount. Specifically, he sought to eliminate the child care costs as a component of child support and to replace this provision with one ordering a pro rata sharing of these costs, whatever they may be, in proportion to guideline income. Before this request was heard on the merits, Jana filed a motion for contempt against Brian for failure to pay child support. Following a hearing, the court granted Brian's motion.

Jana appealed to the district court, which affirmed the magistrate's rulings. Jana now appeals to this Court.

## II.

## ANALYSIS

Jana contends that the magistrate erred by: denying her request for spousal maintenance; modifying the child support amount while Brian was in contempt or, alternatively, improperly receiving post-trial evidence that resulted in the reduction of the monthly child support award; awarding the 401(k) account solely to Brian; and denying her request for attorney fees.

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* An abuse of discretion will be found if the

2

magistrate's findings of fact are not supported by substantial evidence or if the magistrate does not correctly apply the law. *Nicholls v. Blaser*, 102 Idaho 559, 561-62, 633 P.2d 1137, 1139-40 (1981).

## A.     Idaho Code § 32-705 Spousal Maintenance

We address first Jana's assertion that the magistrate erred by denying her request for spousal maintenance. Such requests are governed by Idaho Code § 32-705(1), which provides:

> 1. Where a divorce is decreed, the court may grant a maintenance order if it finds that the spouse seeking maintenance:
>> (a) Lacks sufficient property to provide for his or her reasonable needs; and
>> (b) Is unable to support himself or herself through employment.
>
> 2. The maintenance order shall be in such amounts and for such periods of time that the court deems just, after considering all relevant factors which may include:
>> (a) The financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;
>> (b) The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;
>> (c) The duration of the marriage;
>> (d) The age and the physical and emotional condition of the spouse seeking maintenance;
>> (e) The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;
>> (f) The tax consequences to each spouse;
>> (g) The fault of either party.

Whether to award spousal maintenance under this statute is discretionary and "requires the court to give due consideration to each party's financial needs and abilities." *Stewart v. Stewart*, 143 Idaho 673, 679, 152 P.3d 544, 550 (2007). The *Stewart* Court further stated that "'reasonable needs,' under Idaho law, account for the standard of living established during the marriage." *Id.* at 680, 152 P.3d at 551. Jana asserts that the magistrate court erred in denying maintenance because it did not expressly consider the standard of living established during the marriage and misapplied other statutory factors, including the financial needs and abilities of the

3

parties. We conclude that Jana has failed to present an adequate record to demonstrate error by the magistrate.

In order to be eligible for spousal maintenance under subsection (1) of the statute, Jana was required to establish that in light of the community property division, she lacked sufficient property to provide for her reasonable needs *and* that she was unable to support herself through employment. *Id.* Jana presumes that because the judgment identified Brian's income as $66,000 per year for child support purposes, this amount necessarily established the parties' standard of living during the marriage. Even assuming that Jana's premise is valid, the standard of living during the marriage is but one piece of the initial maintenance inquiry and the magistrate's failure to expressly consider it does not, by itself, establish court error.

Given the limited trial transcript in this appeal, which includes only Brian's testimony, the only appellate record of most of the relevant factors here is that presented in the magistrate's order, which provides sparse specific information.[1] In denying maintenance, the magistrate court stated that it considered, among other things, "Jana's ability to earn an income, the assets awarded to her, the liquidity of those assets," "Jana's health," and "the time necessary for Jana to better her employability." These are all appropriate considerations under I.C. § 32-705(1). More specifically, the magistrate found that Jana did not work during the last five years of the marriage but had worked in the health field in the past, that she was currently working full-time as the unit supervisor for the emergency room at a local hospital where she was earning approximately $15,000 per year, and that "Jana estimated that it would take two to two and a half years to earn her RN." The magistrate also found that Jana has a neurological condition that resulted in an 18% loss of effective use of her legs, that she had recently had gall bladder surgery and that she may have to have a hysterectomy. The magistrate awarded Jana community property with an equity value of approximately $98,000. Of this amount, $24,000 consisted of liquid assets. The magistrate also considered "Brian's ability to pay maintenance while supporting himself and paying child support." From these and other findings the magistrate concluded that spousal maintenance "is not appropriate."

---

[1]     Jana did not file a motion requesting that the magistrate court amend its findings of fact or for it to make additional findings of fact. *See* I.R.C.P. 52(b).

4

Thus, the magistrate implicitly found that Jana had sufficient property to provide for her reasonable needs and that she would be able to support herself once she obtained her nursing certification. The evidence upon which many of these findings were made is not in the record in this appeal because Jana has not provided it. Consequently, our record on appeal does not contain much of the information ordinarily used to determine whether an award of maintenance would be appropriate, such as: (1) the requesting spouse's monthly take-home pay, living expenses, and debt; (2) the non-requesting spouse's monthly take-home pay, living expenses, and debt; and (3) the standard of living established during the marriage (other than Brian's salary at the end of the marriage). *See generally Hoskinson v. Hoskinson*, 139 Idaho 448, 462-63, 80 P.3d 1049, 1063-64 (2003). We will not presume error where we have no record to assess the merits of the magistrate's treatment of the relevant statutory factors. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Therefore, the district court's appellate decision affirming the magistrate's denial of spousal maintenance is affirmed.

## B. Child Support

Jana apparently testified at trial that she was working full-time and was incurring $660 ($165 per week) in monthly work-related child care expenses for the three children. The magistrate's initial judgment ordered Brian to pay $1,925 per month in child support and included the child care expenses in this amount. Brian filed a timely post-judgment motion seeking relief from this award. He contended that the magistrate should, consistent with Idaho Child Support Guideline 8(a),[2] remove the child care expenses from the basic child support award and order that each party pay a share of child care expenses directly to the provider in proportion to their guideline income. Before the matter was heard, Jana filed a motion for contempt against Brian for failing to pay child support as required by the magistrate's pretrial order. Jana then contended that Brian's post-judgment motion should be treated as one to modify child support and invoked Idaho decisional authority that bars a modification of child support whenever the movant is in contempt of court for failing to pay child support.

---

[2] Idaho Child Support Guideline Section 8(a) provides, in part: "A basic child support calculation does not cover work-related child care expenses. The court may order a sharing of reasonable work-related child care expenses incurred by either party in proportion to their Guideline Income." I.R.C.P. 6(c)(6), Section 8(a).

At the hearing, Brian was allowed to examine Jana on this issue. She admitted that she had not been incurring the awarded $165 weekly child care costs since the trial because, with Brian not paying child support, she could not afford the child care service and she qualified for a free child care program. Jana said that Brian was about $10,000 in arrears on his child support payments. At the close of evidence, the magistrate sided with Jana on the child care issue, apparently accepting her argument that no modification of child support is allowed in Idaho if the moving party is in contempt for failure to pay child support. The magistrate said that with respect to the work-related child care expenses, "as long as child support is not being paid I'm not going to change that." The magistrate then held Brian in contempt for, among other things, failure to pay child support.

In its subsequent written order, however, the court changed its ruling on the child care expense issue, explaining:

> In calculating child support, the court considered, among other matters, work-related child care costs incurred by Jana Moffett. Based upon the evidence at the hearing on November 10, 2004 those work related child care expenses are not being incurred. Jana Moffett testified that the two younger children are enrolled in a free after school program, and the older child watches the two younger children for a short time before their mother gets home from work. Jana Moffett testified that she does not hire child care providers because Brian Moffett has not paid child support.
>
> At the most recent hearing the court indicated that it was not inclined to modify the work related child care figures because Brian Moffett was not paying child support as ordered. However, upon a further review of IRCP 6(c)(6), Section 8(a) the court concludes that the proper way for work related child care costs to be allocated [sic], and the court does hereby Order that Brian Moffett pay 80% of any such work related child care costs directly to Jana Moffett or the child care provider and Jana Moffett pay the other 20% of such costs.

Accordingly, the court deleted the child care expenses from its prior child support award, reducing the amount to $1,337 per month, backdated to the day of trial. On intermediate appeal, the district court affirmed the magistrate's rulings.

In this appeal, Jana challenges this decision on the basis that Idaho case law disallows modification of child support if the moving party is in arrears on the child support obligation. Jana relies on a line of Idaho authority that bars a "modification" of child support while the movant is in contempt for failing to pay all previously-ordered support. *See Lusty v. Lusty*, 70 Idaho 382, 388, 219 P.2d 280, 284 (1950); *Hoagland v. Hoagland*, 67 Idaho 67, 69, 170 P.2d

6

609, 610 (1946); *Brown v. Brown*, 66 Idaho 625, 628, 165 P.2d 886, 887 (1946); *Sauvageau v. Sauvageau*, 59 Idaho 190, 193, 81 P.2d 731, 732 (1938); *Rodriguez v. Rodriguez*, ___ Idaho ___, ___ P.3d ___ (Ct. App. Mar. 10, 2011); *Nab v. Nab*, 114 Idaho 512, 517-18, 757 P.2d 1231, 1236-37 (Ct. App. 1988).[3]

We are not persuaded that these authorities precluded the magistrate's amendment of the judgment here, for Brian's motion was not a motion to modify child support under I.C. § 32-709 based upon a change in circumstances. Instead it was a timely post-trial motion authorized by I.R.C.P. 59(e) to obtain relief from the judgment due to an error of law in applying the child support guidelines that was made by the magistrate court in its initial decision. Requests for the correction of errors of law are permissible under that rule. *Barmore v. Perrone*, 145 Idaho 340, 344, 179 P.3d 303, 307 (2008). We decline to apply the "no modification while in contempt" rule outside of the true modification context. To do so would preclude the pursuit of motions cognizable under the Idaho Rules of Civil Procedure to correct judicial clerical errors or errors of law. Such motions are not true modification proceedings, and to bar them would improperly punish the payor parent and bestow a windfall on the payee parent for a mistake of the court.

Jana next argues that even if Brian's motion is not treated as one to modify child support, the order altering the child support award was based in part on new evidence that Jana was not incurring any child care expenses, and the magistrate failed to identify any rule of civil procedure that would allow Brian to present this new evidence post-trial. This assertion is without merit. That a trial court did not identify a rule authorizing its action does not, by itself, establish reversible error. *Fix v. Fix*, 125 Idaho 372, 376, 870 P.2d 1331, 1335 (Ct. App. 1993). Instead, as the party claiming error on appeal, it is Jana's burden here to demonstrate that the submission of the post-trial and post-judgment evidence allowed here was *not* authorized by Idaho law. Jana's appellate brief makes an attempt to do so by oblique reference to a number of civil rules that clearly do not apply. There are, however, at least two rules that authorized the receipt of new evidence after the court trial in this case. First, the court may have treated Brian's motion as one seeking a partial new trial under I.R.C.P. 59(a), which provides that a new trial may be granted "on all or part of the issues in an action" for various reasons, including "that [the

---

[3]      The line of Supreme Court authority appears to be a particularized application of the "unclean hands" doctrine, derived from the traditional view that "in Idaho, an action for divorce is an action in equity." *Rudd v. Rudd*, 105 Idaho 112, 116, 666 P.2d 639, 643 (1983).

7

decision] is against the law. . . ." I.R.C.P. 59(a)(6). Further, "[o]n a motion for new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." I.R.C.P. 59(a)(7). In addition, I.R.C.P. 60(b) authorizes the presentation of new evidence, *see Lowe v. Lym*, 103 Idaho 259, 263, 646 P.2d 1030, 1034 (Ct. App. 1982), and subsection (b)(5) of the rule provides for relief from a final judgment if "it is no longer equitable that the judgment should have prospective application." Here, the monthly child support award payments in the judgment were clearly prospective in nature in that they continued into the future. *See Rudd v. Rudd*, 105 Idaho 112, 118-19, 666 P.2d 639, 645-46 (1983). Thus, the magistrate court did not err in admitting new evidence on Brian's motion.

Finally, even assuming that the evidence was wrongly allowed, it is also Jana's burden on appeal to establish that the error was prejudicial to her in that it affected the magistrate's decision. Here, it does not appear that the magistrate's order changing the child support calculation was based to any significant degree on the new evidence presented. Although the order modifying the decree noted Jana's testimony that she was not currently incurring child care expenses, the order further stated that the decision to remove the child care costs from its child support award and replace it with an order that each party share responsibility for child care costs in proportion to their Guideline income was made after "further review" of Child Support Guideline 8(a), which rule authorizes precisely that procedure.

For these reasons, the district court's appellate decision affirming the magistrate's rulings with regard to the child care expenses is affirmed.

## C.     Unequal Division of Community Property

Next we consider Jana's argument that the magistrate court made an unequal division of community property when it made the post-judgment award of the entire 401(k) account to Brian. We agree.

Unless there are compelling reasons for a different allocation, community property must be divided substantially equally between the parties. I.C. § 32-712(1)(a). The judgment here shows that the magistrate court's intent was to divide the community property substantially equally. In the initial judgment, Jana received a total equity award (value of awarded community

property minus allocated community debt) of $98,701.49 while Brian received a total equity award of $98,185.83.

Following entry of the judgment, Jana filed a timely motion for disposition of an omitted asset because the magistrate had failed to place a value on or award Brian's 401(k) account as part of the community property division. Jana sought an equal division of the account, and Brian agreed that the account had been omitted and said that he "expected" that each party would receive a one-half share, but he sought an offset for $2,375 in related funds that had been awarded to Jana separately in the judgment. At a hearing on the motions, the court informed the parties that it had already filed an order awarding the entire 401(k) account to Brian because that had been the court's intention but the court had inadvertently failed to so state in the judgment. Jana responded that awarding the entire 401(k) solely to Brian would result in an unequal division of community property. The court disagreed, stating that by its calculations there was only a few hundred dollars difference in the community property awards to the parties. The magistrate court apparently believed that it had included the value of the 401(k) account in arriving at the substantially equal division of the community property provided in the judgment and had merely failed to list the asset in the award to Brian. The court was mistaken in this belief, however, for the value of the 401(k) account was not included in the judgment's division of community property. Thus, the issue becomes whether the award of the entire 401(k) account to Brian resulted in a substantially unequal division of community property.

On intermediate appeal, the district court correctly determined that the value of the 401(k) account was not included in the judgment and that, depending upon the monetary value assigned to the account, Brian had received an equity award ranging between $118,185.83 and $144,995.83. Nevertheless, due to an error in its mathematical calculations, the district court incorrectly concluded that the division of community property was substantially equal even after assignment of the account to Brian.

As noted above, the original judgment awarded $98,701.49 net community property value to Jana and $98,185.83 to Brian. A trial exhibit firmly established the value of the 401(k) plan at the time of trial as $35,117.64.[4] Therefore, the magistrate's award of the 401(k) plan

_____

[4] A trial exhibit showed a "total plan balance" of $46,810 with an "outstanding loan balance" of $11,700, reducing the effective "plan balance" to $35,117.64. Brian's trial testimony establishes that while the divorce proceedings were pending he took out the loan from the 401(k)

9

solely to Brian raised Brian's award to $133,303.47, while Jana's award remained at $98,701.49. This is plainly not an equal division of community property.

We hold that the value of the 401(k) plan is $35,117.64, but we must remand to the magistrate to correct the community property awards to provide a substantially equal division between the parties. In making its determination, the magistrate must take into account an additional provision in the judgment, which states:

> Instead of paying child support Brian continued to pay money into his 401K program. Between the date of separation and the date of trial Brian paid over $4,750.00 into his 401K plan (in addition to making repayments each pay day on his loan against his 401K plan). Therefore, it is further Ordered that Brian pay $2,375.00 to Jana within 45 days of this order and provide proof to the court that he has done so. Failure to comply with this order may result in contempt sanctions.

The record does not reflect whether Brian has made this payment. If so, because the magistrate court's intent in ordering this payment is unclear, the magistrate will need to determine whether this payment was to be credited against Brian's child support obligation or was treated as part of the community property division. This determination will necessarily affect the ultimate division of community property.

The district court's appellate decision affirming the magistrate's division of community property is reversed, and the matter is remanded to the magistrate court for further proceedings in accord with this opinion.

## D.     Attorney Fees

The magistrate's judgment provided, without citation to a statute or reference to a request by either of the parties, that the parties would bear their own attorney fees. Jana contends that

---

and bought a 1999 Chevrolet pickup. In the division of community property, the magistrate valued that pickup at $11,500 and awarded it to Brian. Thus, the debt owed to the 401(k) account and the truck are effectively the same asset: "Cash" from the 401(k) account was traded for a community property truck, which was ultimately accounted for in the community property division. Consequently, the value of the 401(k) was the "plan balance" of $35,117.64. The judgment assigned "any debt on the 401(k) plan" to Brian, but Brian is not entitled to any reduction of his community property equity for the outstanding loan balance because in actuality, it is not a "debt." The 401(k) may be viewed as a specialized form of a savings account. Although Brian is required by law to replace the sum he withdrew from the account, he is in effect repaying himself by re-depositing money into his own account.

the magistrate erred in denying her request for attorney fees under I.C. § 32-704(3), primarily because of the disparity of income between the parties. We decline to address the issue on the merits because we have no record showing this issue was presented in the trial court.

It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Hyde v. Fisher*, 146 Idaho 782, 786, 203 P.3d 712, 716 (Ct. App. 2009); *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Beason*, 119 Idaho at 105, 803 P.2d at 1011. To obtain relief, Jana must first show that she properly framed and preserved the issue by requesting attorney fees pursuant to I.C. § 32-704(3) in the magistrate court. *Quintana v. Quintana*, 119 Idaho 1, 6, 802 P.2d 488, 493 (Ct. App. 1990). She has failed to do so. The record contains no written motion by Jana for attorney fees under I.C. § 32-704(3). The only transcript in the record on appeal is a partial trial transcript containing only Brian's testimony. This partial transcript contains no oral motion by Jana requesting attorney fees.

On appeal, Jana implies that she adequately preserved the issue before the magistrate because she requested attorney fees in her amended complaint, which requests in the prayer for relief "that the defendant be ordered to pay attorney's fees. . . ." However, the amended complaint did not reference I.C. § 32-704(3) or, for that matter, any other statute, rule or basis for the requested award of fees. In *Garner v. Bartschi*, 139 Idaho 430, 437-38, 80 P.3d 1031, 1038-39 (2003), Bartschi asserted on appeal that the district court erred by denying her request for attorney fees which, she contended, were authorized under provisions in two contracts and under I.C. § 12-120(3). Bartschi contended that a prayer for relief in her answer requesting "attorney's fees" sufficiently preserved her request on these bases. Our Supreme Court disagreed, holding:

> "A party claiming attorney fees must assert the specific statute, rule, or case authority for its claim." *MDS Investments, L.L.C. v. State*, 138 Idaho 456, 465, 65 P.3d 197, 206 (2003). It is not sufficient to make a generalized request for attorney fees. *Crea v. FMC Corp.*, 135 Idaho 175, 181, 16 P.3d 272, 272 (2000). "'[I]t is incumbent on the moving party to assert the grounds upon which it seeks an award of attorney fees. The district judge is not empowered to award fees on a basis not asserted by the moving party.'" *Id.* (quoting *Bingham v. Montane Resource Assoc.*, 133 Idaho 420, 424, 987 P.2d 1035, 1039 (1999)).

*Garner*, 139 Idaho at 438, 80 P.3d at 1039.

Thus, Jana's generalized request in her amended complaint for "attorney fees" was insufficient to constitute a viable request for attorney fees pursuant to I.C. § 32-704(3). Because Jana has failed to provide a record of any request below for I.C. § 32-704(3) attorney fees, the magistrate court had no authority to award attorney fees on this basis. *Id.* Therefore, the district court's appellate decision affirming the magistrate court on this issue is affirmed.

**E.    Attorney Fees and Costs in this Appeal**

In a one-sentence conclusion to her appellant's brief, Jana asks for attorney fees and costs on appeal. We decline to address Jana's request for attorney fees because it is unsupported by argument or authority, *see Bartosz v. Jones*, 146 Idaho 449, 463-64, 197 P.3d 310, 324-25 (2008), and because it cannot be said that she is the prevailing party on appeal. Because each party has prevailed in part, costs on appeal are not awarded.

## III.

## CONCLUSION

The district court's appellate decision affirming the magistrate court on the division of community property is reversed and the matter is remanded to the magistrate for further proceedings in conformity with this opinion. In all other respects, the district court's appellate decision is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**