## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 46991

| | |
|---|---|
| GARY ALAN WILSON, | ) |
| | ) Filed: March 23, 2020 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JENNIFER AMY WILSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge. Hon. Kent J. Merica, Magistrate.

Order of the district court, on intermediate appeal from the magistrate court, affirming judgment and decree of divorce, <u>affirmed</u>.

Robert J. Van Idour, Lewiston, for appellant. Robert J. Van Idour argued.

Sarah A. McDowell-Lamont, Lewiston, for respondent. Sarah A. McDowell-Lamont argued.

GRATTON, Judge

Gary Alan Wilson appeals from an order of the district court, on intermediate appeal from the magistrate court, affirming a judgment and decree of divorce. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Prior to their marriage, Gary and Jennifer Amy Wilson acquired a home. Gary contributed approximately $35,000 for a down payment on the home.[1] However, due to Gary's bad credit, Jennifer obtained financing and purchased the home on her own. At the insistence of the mortgage lender, Gary signed a "gift letter" stating that the funds he was contributing to the

---

[1] According to settlement statements associated with the home purchase, the actual down payment was $34,256.98.

1

home purchase were a gift and he expected no repayment. Despite Gary funding the down payment, the home was deeded only to Jennifer and only she signed the mortgage documents and deed of trust. Once the purchase was complete, Gary and Jennifer moved into the home.

Thereafter, Gary and Jennifer married. Jennifer later refinanced the mortgage on the home. During the refinancing process, the lender required Gary to sign a quitclaim deed conveying any interest he had in the home to Jennifer "as her sole and separate property." The ostensible purpose of the deed was to ensure that the home was protected from a tax lien against Gary stemming from a prior marriage.

After Jennifer refinanced the mortgage, the marriage deteriorated. Gary and Jennifer separated, and Gary moved out of the home. Eventually, Gary filed for divorce. The main focus of the divorce trial was the funds Gary provided for the down payment on the home. Gary conceded that Jennifer should receive the home, but sought repayment of the funds he contributed to its purchase. Jennifer argued that the funds were a pre-marriage gift that she did not have to repay. Ultimately, the magistrate court determined that it could not adjudicate whether Gary had any interest in the home arising from a pre-marriage transaction. Consequently, the magistrate court concluded that the home, including any equity arising from the funds contributed by Gary, was Jennifer's separate property and awarded the home to Jennifer free of any obligation to reimburse Gary. Although Gary did not directly recoup the funds he contributed to the purchase of the home, he did receive a greater distribution of the couple's community property due, in part, to his financial contribution to the purchase of the home. The community property that was subject to distribution included Gary's 401(k) retirement account. The 401(k) retirement account predated the marriage, but Gary made contributions to it during the marriage.

Gary appealed to the district court, challenging the magistrate court's property distribution. The district court affirmed the magistrate court's judgment and decree of divorce, concluding that the magistrate court did not abuse its discretion in dividing and distributing the couple's property. Gary again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate court's record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate court's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate court. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

## III.

## ANALYSIS

Gary raises two issues on appeal: (1) that the magistrate court erred in failing to grant him an equitable lien against the home for the funds he contributed to its purchase; and (2) that the magistrate court erred in characterizing his entire 401(k) retirement account as community property. On the first issue, Jennifer argues that the magistrate court correctly concluded Gary was not entitled to an equitable lien because the home, along with the equity arising from the funds Gary contributed to its purchase, was her separate property. On the second issue, Jennifer argues that the magistrate court did not err in characterizing Gary's 401(k) retirement account as community property because he failed to present evidence of the account's pre-marriage value. We hold that Gary has failed to establish error as to either issue.

### A.     Equitable Lien

Gary argues that he is entitled to an equitable lien against the home for the amount he contributed to its purchase as a down payment. Gary contends that despite the gift letter and quitclaim deed he executed, he did not intend his contribution of funds to be a gift. According to Gary, an equitable lien is the only "realistic remedy" available to compensate him for his contribution to what he characterizes as a "joint purchase" of the home.

3

In Idaho, divorce has traditionally been viewed as an action in equity. *Moffett v. Moffett*, 151 Idaho 90, 95 n.3, 253 P.3d 764, 769 n.3 (Ct. App. 2011). That does not, however, mean that Idaho courts presiding over a divorce proceeding can exercise authority over all the property divorcing spouses own in an effort to resolve inter-spousal disputes. A court's authority to divide and distribute a married couple's property is governed by statute. *See* Idaho Code § 32-712; *Schneider v. Schneider*, 151 Idaho 415, 426, 258 P.3d 350, 361 (2011). Although courts have authority to divide community property between divorcing spouses, courts may not award one spouse's separate property, or any part of it, to the other spouse. *Schneider*, 151 Idaho at 426, 258 P.3d at 361; *Heslip v. Heslip*, 74 Idaho 368, 372, 262 P.2d 999, 1002 (1953); *Radermacher v. Radermacher*, 61 Idaho 261, 273-74, 100 P.2d 955, 961 (1940). However, when community funds enhanced a spouse's separate property, or the equity therein, courts may impose an equitable lien on that property to compensate the community. *Gapsch v. Gapsch*, 76 Idaho 44, 53, 277 P.2d 278, 283 (1954).

Here, the magistrate court concluded that the home and all the equity in it were Jennifer's separate property. This conclusion was supported by the following findings: (1) the home was purchased and titled only in Jennifer's name prior to the marriage; (2) the transfer of funds upon which Gary based his claim for an equitable lien also occurred before the marriage; and (3) there was no evidence establishing a transmutation of the funds Gary contributed. Because the home was Jennifer's separate property at the time of marriage, the magistrate court concluded that it lacked the authority to adjudicate whether Gary was entitled to any property interest in the home arising from his pre-marriage contribution to its purchase.

Gary does not challenge the characterization of the home or any of the equity in it as Jennifer's separate property. Rather, Gary urges the imposition of an equitable lien on the home to avert Jennifer's unjust enrichment. Gary asserts that the magistrate court should have looked beyond the four corners of both the gift letter and quitclaim deed he signed and recognized what he characterizes as a "de facto joint purchase." Gary's argument fails for two reasons. First, Gary has not cited legal authority approving the imposition of an equitable lien in a divorce proceeding for what is in essence an unjust enrichment claim arising from a premarital transaction. We decline Gary's invitation to expand a trial court's authority in a divorce proceeding to reach such a claim.

4

Second, even if the magistrate court could have adjudicated a pre-marriage unjust enrichment claim, Gary could not have supported the claim with parol evidence of his intent in providing funds for the down payment that contradicted the gift letter and quitclaim deed. Although courts may look beyond the language of a deed to determine whether real property transmuted from separate to community or vice versa during the course of a marriage, *see Barrett v. Barrett*, 149 Idaho 21, 24-25, 232 P.3d 799, 802-03 (2010), Gary does not argue that any transmutation occurred. Moreover, Gary testified during trial that the home purchase was structured to keep his name off the title to protect the home from a tax lien against him. The magistrate court could neither condone nor facilitate tax lien avoidance by admitting evidence to contradict the gift letter or quitclaim deed Gary signed. *See id.* at 25, 232 P.3d at 803 (discussing situations in divorce proceedings when a court may not consider parol evidence related to a real property conveyance).

## B.     Characterization of the Retirement Account

Gary argues that the magistrate court erred in characterizing all the funds in his 401(k) retirement account as community property. However, Gary has failed to provide an adequate record for this Court to address the issue. The briefing from Gary's intermediate appeal is absent from the record. Moreover, neither the oral argument transcript from the intermediate appeal nor the district court's order affirming the magistrate court on intermediate appeal address the characterization of Gary's 401(k) retirement account as community property. In short, the record does not indicate that Gary raised the issue of the characterization of his 401(k) retirement account on intermediate appeal at all.

As the appellant, it was Gary's burden to provide a record sufficient to review the issues he raises on appeal. *Gibson v. Ada Cty.*, 138 Idaho 787, 790, 69 P.3d 1048, 1051 (2003). The absence of a record indicating that Gary raised the issue of the characterization of his 401(k) retirement account on intermediate appeal supports the district court's decision not to address the issue in its order on intermediate appeal. *Id.* Consequently, Gary has failed to show error in the district court's order affirming the magistrate court on intermediate appeal.

## C.     Attorney Fees

Jennifer requests an award of attorney fees and costs on appeal under I.C. §§ 12-120 and 12-121 because Gary "failed to meet the appropriate legal standard in this

case."[2]  As Jennifer is the prevailing party, she is entitled to an award of costs as a matter of course.  I.C. § 12-107.  However, Jennifer is not entitled to an award of attorney fees under I.C. § 12-120 because that statute is inapplicable to an appeal from a divorce proceeding.  *See Smith v. Smith*, 131 Idaho 800, 803, 964 P.2d 667, 670 (Ct. App. 1998).  An award of attorney fees may be granted under I.C. § 12-121 and Idaho Appellate Rule 41 to the prevailing party when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation.  *See id*.  Although Gary did not prevail, we cannot say he acted frivolously in pursuing this appeal.  Therefore, Jennifer's request for attorney fees is denied.

## IV.
## CONCLUSION

Gary has not shown error in the magistrate court's conclusion that it lacked the authority to impose an equitable lien against the home.  Additionally, Gary has failed to provide an adequate record to address whether it was error to characterize his entire 401(k) retirement account as community property.  Consequently, the district court's order affirming the magistrate court's judgment and decree of divorce is affirmed.  Costs on appeal are awarded to Jennifer.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

---

[2]  Gary did not request an award of attorney fees or costs on appeal.